## RUTH v. JOHNSON.

### (Circuit Court of Appeals, Eighth Circuit. August 16, 1909.)

### No. 2,967.

1. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence in an action against a surgeon for negligence in performing an operation for appendicitis *held* to warrant the submission of the case to the jury.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 44; Dec. Dig. § 18.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW—ADMISSION OF EVIDENCE—HARMLESS ERROR.

In an action against a surgeon for negligence in leaving a piece of gauze in the abdominal cavity of plaintiff after an operation for appendicitis, permitting experts to testify in answer to a hypothetical question that the failure to remove the gauze under the circumstances shown was negligence was not prejudicial error, conceding that the question was one for the jury, and not for the witnesses, to answer, where it was not in fact contested, but the only question in dispute was as to whether the gauze was placed and left in the wound by defendant or some one else.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

H. C. Kenline and W. C. Howell (R. P. Roedell, on the brief), for plaintiff in error.

W. R. C. Kendrick and B. F. Jones, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. Johnson brought this action against Ruth to recover damages which he claims he suffered by reason of the negligent performance of an operation upon himself by Ruth for appendicitis. The act of negligence specified in the petition is that Ruth unskillfully, negligently, and inattentively permitted a sponge or pad of gauze about 24 inches long and 9 inches wide to remain in the abdominal cavity of Johnson after the sewing up of the wound. Johnson recovered a judgment in the trial court, and Ruth has removed the case here to secure a reversal thereof. Numerous errors are assigned to the rulings of the trial court. The point most seriously urged for reversal is the refusal of the trial court at the close of all the evidence to direct the jury to return a verdict for the defendant. This renders it necessary to review the evidence given at the trial.

There is evidence in the record from which the jury would be fully justified in finding the following facts:

On March 30, 1907, at Keokuk, Iowa, Ruth for a consideration agreed upon, at the request of Johnson, performed upon the latter an operation for appendicitis. When Ruth opened the abdomen, he

---

found extensive adhesions caused by frequent recurrences of the attacks of appendicitis. He immediately placed pads of gauze in the opening to wall off the infected area. The appendix was then brought up, the secum with it, and as the appendix was brought up the sack ruptured, and Ruth called to his assistant Blakenship to get a pad quick. The assistant got the pad, and Ruth called for another. Another pad was gotten and placed in the body. Ruth did not remember how many pads he put into the abdomen. Johnson's case is one known to surgery as a pus case. When Ruth had finished the operation, the sponges or pads of gauze that were removed from Johnson were dropped into a tub. At the time of the operation a stab drain was put in so as to give a direct outlet from the cavity. About two weeks after the operation while Johnson was still being treated by Ruth a lump formed at the lower end of the main incision, and kept getting larger until it was about the size of a hen's egg. Ruth was informed of the lump, and upon examination decided it was an abscess. The lump or abscess was opened by Ruth, and blood and pus came therefrom. Ruth mopped out the blood and pus, ran the handle of his knife in the opening, probed open the stab wound, and placed a tube in the abscess wound. Johnson remained at the hospital until May 2, 1907. When Johnson left the hospital at Keokuk, he went home to Lockridge, Iowa, and was there cared for by one Dr. Morrow who examined his wounds, and found that the abscess wound extended down into the abdominal cavity. Pursuant to instructions contained in a letter which Johnson brought from Ruth, Morrow each day treated the abscess wound and the stab wound with pieces of gauze, one-fourth of an inch wide and four or five inches in length. Sometimes the pieces of gauze were eight or ten inches long, but narrow. The discharge from the abscess wound and stab wound increased until about four weeks after Johnson went home, when Morrow called Ruth over the telephone and told him that the wounds were discharging worse than when Johnson came home, and asked for advice. Ruth told him to keep the drain in and Johnson would get along all right. Morrow did so, but the discharge kept getting worse, and on June 1, 1907, Morrow called Ruth over the telephone and told him Johnson's condition was getting worse, and that there certainly must be something wrong. About July 1, 1907, Johnson became deathly sick and began vomiting. The odor from the abscess wound was something awful. It was getting rotten. Johnson went five days without a passage of the bowels. Gas began to come out of the opening, and about July 3, 1907, fecal matter began issuing out. Sharp, excruciating pains came from the region of his bowels and a dull stupid feeling over all. The fecal matter kept coming out of the drainage places, and soiled his clothing and dressing. Dr. Morrow telephoned Dr. Clark of Fairfield, a short distance from Lockridge, to come over at once, for something had to be done. Johnson's temperature was then 103, his pulse 120, he was vomiting badly, and bloated on his right side. On July 7, 1907, Clark, assisted by Morrow, opened the abdominal cavity of Johnson by cutting down so that the end of the incision that was made united with the lower end of the original incision made by Ruth. Clark introduced his

finger, and could feel gauze. He then put in his forceps and pulled out the gauze in question. When the gauze came from the abdomen, 2½ or 3 inches had penetrated the ascending colon. When the gauze was removed, a pint of fecal matter came out with it, and Clark introduced his fingers into the hole left by the rag in the colon.

On January 1, 1908, the wound had healed, and Johnson for the first time was able to have a natural movement of the bowels. The size of the piece of gauze taken by Clark from Johnson was 9½ inches by 11½ inches. That the pads used at the time of the operation by Ruth were from eight to ten inches square. That with free open drainage such as existed in this case the gauze could have remained in the abdominal cavity without any further disturbance than did actually occur. That the gauze pad had been in the abdominal cavity from 90 to 100 days. That, after Johnson came to Dr. Morrow, there never was at any time prior to the operation of Dr. Clark an opening in Johnson's abdomen large enough to have permitted the introduction of the pad of gauze removed therefrom. That the presence of the gauze in the abdominal cavity was the cause of Johnson's illness subsequent to the operation for appendicitis. There was evidence tending to show that all of the pads of gauze that were placed in the abdominal cavity of Johnson at the time of the operation for appendicitis were removed, but no witness had any actual knowledge as to whether they were or not. Ruth testified himself that he did not know how many pads were placed in the abdominal cavity, and the nurses who seemed to have charge of furnishing the pads or sponges at the hospital could only testify that the pads were removed by reason of the fact that they were always removed in every case. No witness had a distinct recollection of what was actually done in this particular case with reference to removing the gauze pads. It thus appears that when all the evidence was in there was one question for the jury, and that was, Did Ruth sew up the wound after his operation upon Johnson and allow a pad of gauze 9½ inches by 11½ inches to remain in the abdominal cavity? And this was the only question left to the jury by the court; it being conceded that, if Ruth did do this, he was guilty of negligence. The jury found the issue submitted to them in favor of the plaintiff and against the defendant, and no court would be authorized to say that there was not sufficient evidence to support their finding.

It is further assigned as error that the court erred in allowing Drs. Courtwright, Scroggs, and Dorsey to answer hypothetical questions in the following language:

"Assuming that an operation was performed for appendicitis, and the main incision was closed up and a stab wound made with a drainage tube in it, and a pad of gauze 9½ by 11½ inches was sewed up in the wound and remained there for a period of about 98 days. State whether or not to leave it there that length of time would be the exercise of ordinary care, skill, and attention on the part of the surgeon in charge of the operation."

But even if plaintiff in error is right that the questions in the form they were put were for the jury and not for the witnesses, which we do not stop to determine, we are constrained to hold their allowance was not prejudicial error for the following reason: There can be no contention, and counsel for Ruth made none, that the placing of the gauze

pad in the abdominal cavity of Johnson and leaving the same there after the operation for appendicitis would not be an act of negligence. The court so treated the matter in its charge, and said to the jury:

"The difference between the parties on which they do not agree and on which you must find where the truth is being as to when and where and by whom was the gauze put into the cavity and allowed to remain."

This was the only question over which there was a contest in the trial of the case, and the only question submitted to the jury for decision. In view of the evidence and the admissions made in open court by counsel for Ruth during the trial that the placing of the piece of gauze in the abdominal cavity and allowing it to remain there as described in the evidence would be negligence, we do not think they can now complain of the action of the court in allowing the question complained of to be answered.

We have examined the other errors assigned in the record, and find them without merit.

The judgment of the trial court is affirmed.