Mrs. Wendell W. Hall, Appellant, v. Wallace F. Grosvenor, Appellee.

Gen. No. 35,870.

120

Opinion filed June 20, 1932.

WALTER HAMILTON, for appellant.

EDWARD W. RAWLINS and FRANCIS X. BUSCH, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff alleged in her declaration that she had suffered because of the negligent manner in which defendant had performed the Caesarean operation in that he left a gauze sponge in her abdomen. Upon the trial, at the conclusion of plaintiff's case, upon motion of defendant, the court instructed the jury to find him not guilty. Plaintiff appeals from the judgment on the verdict, asserting that the case should have been submitted to the jury.

We only outline the evidence. In the early part of 1928, plaintiff, who was pregnant, employed the defendant, a licensed physician and surgeon, to care for her case, including delivery of the child. The doctor subsequently was of the opinion that the child should be delivered by the Caesarean operation and on August 23, 1928, performed this, and upon its completion sewed up the incision, leaving a laparotomy sponge in the abdomen. Plaintiff thereafter suffered many pain-

ful symptoms. On November first following she had a bowel evacuation and expelled from her rectum the sponge, which is approximately 18 inches long, 6 inches wide and ¼ inch thick. After this she made a rapid recovery.

Defendant's motion is predicated upon the claim that the mere fact that a sponge was left in the body of plaintiff after the operation creates no presumption of negligence or want of skill on the part of the defendant. While in some of the cases cited to support this view we may find an occasional expression to this effect, yet in these cases the court was considering all the circumstances of the operation. In no case do we find that the court had under consideration the isolated fact that a sponge or other foreign body was left in the wound after a surgical operation. It would seem to be self-evident that the failure to remove the sponge, standing alone and unexplained, is prima facie evidence of negligence. In *McCormick v. Jones,* 152 Wash. 508, it was held as a matter of law, "that when a surgeon inadvertently introduces into a wound a foreign substance, closes up the wound, leaving that foreign substance in the body, there being no possibility of any good purpose resulting therefrom, that act constitutes negligence," and, "we do not believe that the minds of reasonable men differ on this subject." Other cases to this effect are *Ruth v. Johnson,* 172 Fed. 191; *Wynne v. Harvey,* 96 Wash. 379; *Davis v. Kerr,* 239 Pa. 351; *Saucier v. Ross,* 112 Miss. 306; *Reeves v. Lutz,* 179 Mo. App. 61. Defendant's brief says, "It is wholly inconceivable that Doctor Grosvenor or any other surgeon would knowingly or willingly leave a sponge in a patient's body, or, if he suspected that one had been overlooked, not to take steps to have it removed." This seems to concede that the sponge was left through inadvertence.

It is especially urged by the defendant that in the absence of expert medical testimony that the failure

to remove the sponge was bad practice, plaintiff had failed to prove a case of negligence, relying on the oft quoted case of *Ewing v. Goode,* 78 Fed. 442. In that case the court was considering what it describes as "the mysterious and dread disease of glaucoma, with respect to which a layman can have no knowledge at all." Other like cases are predicated upon the very proper and reasonable assumption that with reference to diseases in the human body only men versed in the science of surgery or medicine are qualified to pass judgment upon the treatment given in a particular case. This is so firmly established as a general rule as hardly to be debatable. But it does not need the aid of expert testimony for any intelligent person to have an opinion as to the impropriety of leaving a foreign object in a wound, especially of the size of the sponge in the record before us.

However, in the case before us we have the testimony of an expert upon the condition presented— Doctor Heaney, who testified in substance that, under ordinary conditions there would be no medical reason for leaving in the abdomen a laparotomy sponge of the size of the one left in plaintiff's abdomen.

The fact that the sponge was inadvertently left in the abdomen placed the burden of explaining this upon the defendant, and it was error for the court to instruct the jury against the plaintiff.

Various things in the record suggest the probability that if all the circumstances were made to appear, the facts would be like those presented in *Olander v. Johnson,* 258 Ill. App. 89. The opinion in that case in considerable detail describes an abdominal operation. There the operation was performed in a hospital with which all of the assistants in the operation were connected; the sponges were made by the nurses in the hospital, counted, put up in packages, and sterilized. Before the operation the clean sponges are counted by a nurse, and as needed are handed by her to the surgeon; as the sponges are used they are thrown into a

receptacle by the surgeon and taken in charge by another nurse, and when the operation is finished, and before the incision is closed, the total of the two counts is compared. There it was shown that in abdominal operations the sponges are soaked with blood and secretions and may feel like any other tissue, and at times become so implicated with the intestines that they cannot be seen or felt readily, and it is sometimes almost impossible to distinguish the sponges from the tissues of the abdomen; there was also the evidence of a doctor that in such operations the surgeon must think fast and quickly and must be relieved of the responsibility of counting the sponges so as to be able to concentrate upon the operative technique; and that this is necessary, for it would jeopardize the life of the patient for the surgeon to attempt to keep count of the sponges used. In this case the judgment for the plaintiff was reversed on the ground that the evidence failed to disclose any want of care on the part of the doctor in respect to the removal of the sponge from plaintiff's body. Under like circumstances, in *Guell v. Tenney,* 262 Mass. 54, it was held that negligence of the operating surgeon was not proven. To the same effect is *Funk v. Bonham* (Ind. App.), 151 N. E. 22. We are in accord with the statement in *Olander v. Johnson, supra,* that "Generally an operating surgeon is not legally responsible for the mistake of a nurse not his employee, where an operation is performed at a hospital not owned or controlled by the surgeon."

If, upon another trial the facts and circumstances should appear like those in the case last referred to, we do not see how any liability for plaintiff's suffering can be imposed upon the defendant.

In order that there may be a trial with all the facts presented, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

O'CONNOR and MATCHETT, JJ., concur.