MAY SMITH, *et vir.*, v. G. M. ZEAGLER.

157 So. 328.

Division A.

Opinion Filed September 25, 1934.

Petition for Rehearing Denied November 14, 1934.

*J. V. Walton* and *Evan Evans,* for Plaintiffs in Error;

*Hilburn* and *M'erryday* and *Thos. B. Dowds,* for Defendant in Error.

DAVIS, C. J.—Plaintiff's declaration alleged in substance that on May 19, 1930, the defendant, Zeagler, a surgeon, was employed and undertook to perform a surgical operation upon the plaintiff, May Smith, and that in the performance of said operation the defendant made an abdominal incision into the body of plaintiff; that the defendant carelessly and negligently failed and neglected to remove from said incision a sponge used in the performance of said operation and carelessly and negligently sewed up said incision with the sponge inside plaintiff's body.

The only plea was not guilty. Upon a trial before the Circuit Judge without a jury, the Judge found a verdict and rendered a judgment in favor of the defendant physician.

The facts shown by the evidence, briefly summarized, are as follows: May Smith, the plaintiff, had been pregnant about 8 or 9 months; on May 19, 1930, defendant performed

a "Caesarean" operation upon her at his hospital in Palatka, Florida; the incision made in plaintiff's abdomen did not heal, but ulcerated and discharged pus until about four months later, when plaintiff procured one Dr. Jelks to operate on her in order to secure relief. The wound of the Caesarean operation was opened by Dr. Jelks and a sponge that had been left in the patient's body was found and removed, whereupon the patient's health greatly improved. The sponge was described as an object commonly used by surgeons for removing blood, and defendant himself testified that this sponge was of the type used for sponging before entering an incision and that it should never be allowed to get loose in the body. Defendant also testified that the presence of the sponge found in his patient's body was an accident, to account for which he was unable to give any satisfactory explanation save that "its presence was the result of some accident about which witness can only advance a theory."

The authorities are legion to the effect that it is negligence *per se* for a surgeon to leave a sponge in an abdominal incision made in his patient in the course of his performance of a surgical operation upon such patient. Ruth v. Johnson, 172 Fed. 191; Reeves v. Lutz, 179 Mo. App. 61, 162 S. W. Rep. 280; Rayburn v. Day, 126 Oregon 135, 268 Pac. Rep. 1002; Wynne v. Harvey, 96 Wash. 379, 165 Pac. Rep. 67; Harris v. Fall, 177 Fed. 79, 27 L. R. A. (N. S.) 1174; Moore v. Ivey (Texas Civ. App.), 264 S. W. Rep. 283; 21 R. C. L. 388.

The burden of showing due care is upon a surgeon who leaves a sponge enclosed in a wound after the performance of an operation, and he cannot relieve himself from liability unless the sponge was so concealed that reasonable care on his part would not have disclosed it, and conditions were such that, in his professional judgment, a special exploration

for the sponge would have endangered the safety of the patient. Davis v. Kerr, 239 Pa. 351, 86 Atl. Rep. 1007, 46 L. R. A. (N. S.) 611.

Where a patient's condition is critical and the paramount requirement is to complete the operation in the shortest possible time, the failure to remove a sponge may be an accidental and excusable slip or inadvertence that is not actionable negligence, depending upon the circumstances of the case, the burden being on the physician to show to the satisfaction of the jury that the particular act was not blameworthy because of the supervening necessity to complete the operation without delay. See Waldon v. Archer, 20 Ont. W. N. 77.

In the present case, the defendant physician relied for his defense upon the asserted proposition that a surgeon should not be held guilty of negligence when he has performed a surgical operation according to the approved methods and practices of modern surgery, has employed only competent and trained assistants, and has exercised every precaution, permissible and proper, under the exigencies of the case, to remove from the body of the patient all sponges, packs and other objects used in the operation, by removing all such objects discoverable by the sense of sight and touch and by keeping mental note of all such objects as were placed in the patient's body and removing all of them to the best of his recollection at the time the incision is closed.

But the evidence does not support the defense relied upon.

The defendant himself testified that he had to conclude the operation hurriedly for fear that his patient would die on the operating table before he could get her incision sewed up. But at the same time he admitted that the presence of the particular sponge, later found in his patient's body and removed therefrom by another physician, was not an article that he had placed, or was required by any stand-

ard medical usage or practice to have placed, in the patient's abdominal cavity. On the contrary, defendant admitted in effect that such sponge as was later found, was an entirely foreign body that had been allowed to get into the abdominal cavity as the "result of some accident about which witness can only advance a theory." So the defense *ex necessitate rei* was not made out by the evidence offered in the physician's behalf in an attempt to prove a defense of that character in excuse of what was otherwise a clearly established act of actionable negligence.

But even if it had been shown that the defendant was required by the urgent necessities of the case to leave a sponge in his patient's abdomen, because of the dangers attendant upon delay to further explore for it, it was the legal duty of the physician to so inform his patient within a reasonable time thereafter by advising her of what he had been compelled to do, in order that she might seek as early relief from the effects of the foreign object left in her body, as her condition might permit.

The removal of all sponges used is part of a surgical operation, and when a physician or surgeon fails to remove a sponge he has placed in his patient's body that should be removed as part of the operation, he thereby leaves his operation uncompleted and creates a new condition which imposes upon him the legal duty of calling the new condition to his patient's attention and endeavoring with the means he has at hand to minimize and avoid untoward results likely to ensue therefrom.

The Circuit Judge obviously misapprehended the probative weight and legal effect of the evidence as bearing on the right of the plaintiff to recover as against the exculpatory circumstances relied upon as a defense, in consequence of which the judgment should be reversed and a new trial awarded.

Reversed for a new trial.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.