203 So.2d 11 (1967)
Michael BUZAN, Jr., Appellant,
v.
MERCY HOSPITAL, INC., a Florida Nonprofit Corporation, Appellee.
No. 66-1067.
District Court of Appeal of Florida. Third District.
October 10, 1967.
Walters, Moore & Costanzo and Harold Peter Barkas, Miami, for appellant.
*12 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and A.H. Toothman, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
Appellant sued Dr. Banning Gray Lary and Mercy Hospital, Inc. for damages alleging negligence of the defendants by leaving foreign matter in his abdomen upon an operation for the removal of his gall bladder. It was alleged that due to pain and infection in the area a second operation was performed which revealed such foreign matter. Want of due care was alleged as to the defendant doctor who performed the initial operation, and plaintiff sought damages from the hospital for alleged negligence of its employee or employees assisting in the operation, in improperly counting the sponges or instruments or otherwise permitting such foreign matter to remain within him. In its answer the hospital admitted that "some of its employees did assist Dr. Lary in an operation upon the Plaintiff while the Plaintiff was in the Defendant hospital," and averred "This Defendant says that the employees assisting the doctor were under the doctor's orders and subject to his control during the operative procedure."
A motion of the defendant hospital for summary judgment was granted, and that defendant was dismissed from the cause. This appeal by the plaintiff is addressed thereto.
In Smith v. Zeagler, 116 Fla. 628, 157 So. 328, 329, the Supreme Court said: "The authorities are legion to the effect that it is negligence per se for a surgeon to leave a sponge in an abdominal incision made in his patient in the course of his performance of a surgical operation upon such patient."
Although contradicted by an affidavit of the defendant doctor, there was evidence by affidavit of a doctor who was present at the second operation that foreign matter having the appearance of a surgical sponge was found to have been left in the patient. Bearing on the question of the alleged negligence of a hospital employee was the statement of the defendant doctor in his affidavit that a hospital nurse assisting in the operation counted the sponges and indicated all were accounted for. The issue of whether a sponge was allowed to remain in the patient would not be foreclosed by testimony of the doctor or of an assisting nurse that the nurse made and reported a correct sponge count. On the contrary, if it should be established later that a sponge in fact was left in the patient, that would show the sponge count was not accurate.
The further question material to the liability of the defendant hospital on the doctrine of respondeat superior, that is, whether the nurse who assisted in the operation and made the sponge count was the servant of the hospital or was the borrowed servant of the operating doctor, is a question which has been held to be one of fact for trial determination. Wilson v. Lee Memorial Hospital, Fla. 1953, 65 So.2d 40, 42; Danks v. Maher, La. App. 1965, 177 So.2d 412, 417-418.
The existence of that factual issue was not eliminated by the statement in the affidavit of the personnel director of the hospital that "on information and belief"[1] no servant of the hospital participated in placing a sponge or other foreign substance in the patient, and that the hospital undertook *13 to supply nursing services "solely at the direction of the plaintiff's treating doctor." The first of those statements in the personnel director's affidavit created a conflict in the evidence before the trial court on the question of whether the nurse participated in the sponge count. The further statement in his affidavit that the assisting nurse was serving "solely at the direction of plaintiff's treating doctor" was a conclusion, unsupported by facts sufficient to establish the nurse's status as one of a borrowed servant of the doctor. See Parmerter v. Osteopathic General Hospital, Fla.App. 1967, 196 So.2d 505, 507.
In this connection a distinction is recognized in the type of service or act attributed to a hospital nurse assisting in an operation. Basically, duties of such an assisting nurse which involve professional skill or decision are regarded as controlled solely by the surgeon or doctor. On the other hand, in performing services or acts not involving professional skill or decision, and which are ministerial in character, a hospital nurse assisting a surgeon is not regarded as his borrowed servant. A sponge count by an assisting nurse generally is held to be in the latter category.
Thus, in Danks v. Maher, supra (177 So.2d at 417-418), the Louisiana court said:
"In our opinion the counting of laparotomy squares in the instant case was not an act requiring the exercise of a particular skill or discretion acquired or developed by special training. It was an act which could have been done by an unskilled or untrained employee and it did not involve the exercise of any professional judgment. We conclude that the incorrect count was not a medical mistake; it was an administrative or nonprofessional mistake from which liability on the part of the hospital can result."
In Rural Education Association v. Bush, 1956, 42 Tenn. App. 34, 298 S.W.2d 761, 767, the court said:
"When a nurse acts under the orders of a private physician in matters involving professional skill and decision, she is absolved from liability for her acts. Many acts of a nurse, however, do not result from orders of the physician. Furnishing proper personnel and equipment for an operation are duties of a hospital. The selection of proper sponges was the duty of the Hospital. Counting the sponges so as to see that no sponge was left in the body of the patient required no special professional skill or decision of the surgeon. Indeed, Dr. Schuler relied upon sponge count of the nurse."
In 1 Hospital Law Manual, Health Law Center, U. of Pitt., Negligence, §§ 3 and 3-1 (Attorney's Volume 2-a, 1963) it is stated (at pp. 11-12):
"Whether a nurse is the employee of the hospital for the purpose of imposing liability under respondeat superior is often left to the trier of fact. If the agency test of the right to control is used to determine the question, such question is almost always one for the jury. In dealing with negligence of nurses and other personnel performing duties in the operating room which are closely related to procedures being performed by the surgeon, the courts frequently make a general statement that the physician is in sole command, with the right to control all the personnel present, and consequently that the hospital is not liable under respondeat superior. But, all acts of nurses in the operating room are not the responsibility of the surgeon.
"Negligence of an operating room nurse in making an improper sponge count has caused liability to be imposed upon the hospital under respondeat superior. (Citing Rural Educational Ass'n v. Bush, supra.) The court, while recognizing that the surgeon is in complete charge, both of the operating room and the personnel assisting with the operation, stated that certain duties of nurses in the operating room, such as making *14 the sponge count, `do not involve professional skill or decision on the part of the surgeon.' The physician relies upon the nurses and inquires of them as to the removal of sponges. The nurse, therefore, remains the employee of the hospital for the purpose of the sponge count and negligence in performing the activities connected with it will create liability for the hospital." (Citing Olander v. Johnson, (1930), 258 Ill. App. 89; Wilson v. Lee Memorial Hospital, supra, Fla. 1953, 65 So.2d 40).
Accordingly, the summary judgment entered in favor of the defendant hospital is reversed.
Reversed.
NOTES
[1] Also, the personnel director's affidavit stated it was not made on his personal knowledge. Under rule 1.36(e) F.R.C.P., which now appears as rule 1.510(e), 31 F.S.A., his affidavit was unacceptable on a motion for summary judgment in view of the provisions stating that "[s]upporting and opposing affidavits shall be made on personal knowledge". See Lake v. Konstantinu, Fla.App. 1966, 189 So.2d 171, 175. However, in this opinion we consider the contents of the affidavit.