384 So.2d 234 (1980)
The BEACHES HOSPITAL and Hartford Accident & Indemnity Company, Appellants,
v.
William J. LEE, M.D., Appellee.
No. PP-97.
District Court of Appeal of Florida, First District.
May 30, 1980.
*235 Charles Cook Howell, Jr. of Howell & Howell, Jacksonville Beach, for appellants.
V. James Facciolo of Searcy, Smith, Facciolo & Kirby, Jacksonville, for appellee.
ERVIN, Judge.
Marie Collins filed a medical malpractice claim against both the appellee, Dr. Lee, and the appellant hospital seeking damages resulting from both parties' alleged negligence in leaving a surgical sponge within her abdomen following a 1976 hernia operation. Collins withdrew her mediation claim against Dr. Lee, after which the hospital withdrew its answer and refused to mediate. Collins sued the hospital in circuit court, and it filed a third-party claim for contribution against Dr. Lee. After Collins and the hospital settled for $19,000, the case went to trial on the hospital's claim for contribution. The jury returned a verdict for Dr. Lee, and the hospital appeals. We affirm.
*236 The hospital first objects to two jury instructions: one which instructed the jury on proximate cause,[1] and another which instructed that the hospital had the burden of proof on the issues.[2] The instruction on proximate causation was proper because it was supported by the evidence. If the jury found the doctor negligent in failing to remove the sponge, it could also have found that the negligence of the nurses was, under the circumstances, the proximate cause of the patient's injury since the evidence supported findings that they had failed to correctly count the sponges and that the doctor did not realize one sponge had not been removed.[3]
As to appellant's argument that the court erred in giving the general instruction placing the burden on the hospital of establishing the greater weight of the evidence, we also find no error. Conceding that, generally, a plaintiff seeking contribution as a joint tortfeasor does have the burden of proving the defendant joint tortfeasor's negligence in a suit for contribution, the hospital argues that here, the standard instruction should have been omitted because (1) the hospital did not have the burden of proof in its suit for contribution when the patient's damages were caused by a sponge left in a patient after an operation; and (2) the general instruction conflicted with the special instruction given, that the burden of showing due care is on a surgeon who leaves a sponge in the abdomen of a patient. The latter instruction followed the rule stated in Smith v. Zeagler, 157 So. 328, 116 Fla. 628 (1934), where the patient sued the defendant doctor for negligently failing to remove a sponge following abdominal surgery. After holding that it was negligence per se for the surgeon to leave the sponge inside the patient's abdomen, the court continued:
The burden of showing due care is upon a surgeon who leaves a sponge inclosed in a wound after the performance of an operation, and he cannot relieve himself from liability unless the sponge was so concealed that reasonable care on his part would not have disclosed it, and conditions were such that, in his professional judgment, a special exploration for the sponge would have endangered the safety of the patient. 157 So. at 329.
We disagree with appellant that the Zeagler rule,[4] holding that such evidence is negligence per se, places the burden on the surgeon of establishing the greater weight of the evidence, thereby absolving the hospital from that responsibility. The presence *237 of a sponge does not shift the burden of proof to the doctor. This conclusion becomes evident after examining cases interpreting statutes which, upon their violation, expose their violators to the standard of negligence per se. Once a violation is proven, actionable negligence does not automatically follow. See deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198, 201 (Fla. 1973). In order to prevail, the plaintiff must meet three conditions: He must show (1) that he is of the class the statute was intended to protect, (2) that he suffered an injury of the type the statute was designed to prevent, and (3) that the violation of the statute was the proximate cause of his injury. Id.
In the present case, while the injured patient arguably may have presented evidence pre-trial complying with the first two requirements, a jury question would still have remained whether her injuries were proximately caused by the negligence of the doctor, the nurses, or both. Although the duties of an assisting nurse involving professional skill are generally regarded as controlled by the surgeon, when the nurse's services are simply ministerial in character, she is not regarded as the doctor's borrowed servant, but rather as the servant of the hospital, so that the latter may be vicariously liable to the patient. See Buzan v. Mercy Hospital, Inc., 203 So.2d 11 (Fla.3d DCA 1967). Additionally, when an action is brought against both doctor and hospital, on facts showing the discovery of a foreign object inside a patient, the question of whose negligence proximately caused the injury is one for trial determination. Id. at 12. See also Wilson v. Lee Memorial Hospital, 65 So.2d 40, 42 (Fla. 1953); Danks v. Maher, 177 So.2d 412, 417-18 (La. App. 1965). Moreover, had the action only been brought against the doctor by the injured patient, the doctor simply by pleading a general denial  and not by alleging an affirmative defense that the injury was caused by the negligence of another health care provider not a party to the suit  could have put at issue the question of proximate cause, an essential requirement of plaintiff's cause of action. See Clement v. Rousselle Corp., 372 So.2d 1156, 1158 (Fla.1st DCA 1979); Isaacs v. Powell, 267 So.2d 864 (Fla.2d DCA 1962); Alves v. Adler Built Industries, Inc., 366 So.2d 802 (Fla.3d DCA 1979).
When a patient sues both a surgeon and a hospital or other health care provider for injuries resulting from the negligent abandonment of a sponge within an enclosed wound, we consider it would be inappropriate for a trial judge to grant a request for the Zeagler instruction since a jury could find that the hospital's attendants were solely responsible for the patient's injuries. We think, then, the instruction is applicable only to an action between a patient and a surgeon,[5] and has no materiality when another health care provider is involved. Even when the instruction is appropriate, however, because the burden of establishing the greater weight of the evidence remains with the plaintiff, the general instruction on the burden of proof should still be given.
It is also inappropriate to give the special instruction in a contribution claim between two tortfeasors. We consider the Zeagler rule was designed to benefit a member of a class  the injured patient  from the particular injury. When facts are presented showing the presence of a sponge inside the patient, the rule excuses the formerly anesthetized patient from offering direct evidence concerning which health care provider was responsible for his injury. Doctors and other health care providers, potentially jointly liable to the patient, suffer no similar disability when seeking contribution among themselves, and may offer testimony of events actually witnessed during the operation. A nurse could conceivably testify that it was in fact the doctor who controlled or supervised the sponge count and that she simply followed *238 his directions. The doctor, on the other hand, might state the opposite, testifying that he relied upon the nurse's count for its accuracy. We see no logical reason for extending the Zeagler rule beyond the specific facts involved in that case, and so we conclude that when one tortfeasor seeks contribution from the other, neither the doctor nor any other health care provider may benefit from it.
The appellant's argument in its third point, that the trial judge erred in not permitting counsel to read portions of a deposition to the jury in closing argument, and that the trial judge further erred in admonishing counsel not to read from the deposition after the issue had been resolved out of the presence of the jury, is also without merit. We have read the record, and it is clear counsel from the hospital were not embarrassed before the jury. Directions to counsel during closing arguments are within the broad discretion of the trial judge and will not be reversed on appeal absent some showing of abuse of discretion.
The judgment below is affirmed.
MILLS, C.J., and SHIVERS, J., concur.
NOTES
[1] The instruction followed Fla.Std. Jury Instr. (Civ.) 5.1:

In order to be regarded as a legal cause of damage, negligence need not be the only cause. Negligence may be a legal cause of damage, even though it operates in combination with the act of another if the negligence contributes substantially to producing such damage.
[2] The court gave both standard instruction MI-1.1, stating:

If the greater weight of the evidence does not support the claim of the Beaches Hospital v. William J. Lee, M.D., then your verdict should be for William J. Lee, M.D. However, if the greater weight of the evidence does support the claim of the Beaches Hospital, your verdict should be for the Beaches Hospital.
as well as appellant's special instruction, advising:
The burden of showing due care is upon a surgeon who leaves a sponge enclosed in the abdomen of a patient; and he cannot relieve himself from liability unless the sponge was so concealed that reasonable care on his part would not have disclosed it.
[3] The evidence was that the operation on Mrs. Collins was complicated by her obesity, which made it harder to locate anything within her abdominal cavity, and by multiple adhesions in her abdominal cavity which had to be dissected, resulting in heavy bleeding. Twenty to thirty laparotomy sponges were placed in the cavity for various reasons, and the testimony was that as such an operation progresses, the sponges change positions, and take on the appearance of human organs as they become soaked with blood.
[4] That rule applied to the case here since the operation was performed in January, 1976. On July 1, 1976, Section 768.45(1), Florida Statutes (1977), became effective, and provides  unlike Zeagler  that the discovery of the presence of a sponge is only prima facie evidence of the health care provider's negligence. Health care providers are defined in Section 768.50(2)(b) as hospitals, physicians, osteopaths, etc.
[5] Assuming the action commenced before the effective date of Section 768.45(1), otherwise the statute's provisions control.