In the Matter of JOHANSEN CON-STRUCTION CO., INC., Debtor.

Diane L. JENSEN, Trustee, Plaintiff,

v.

Charlie B. GREEN, Clerk of the Circuit Court of the Twentieth Judicial Circuit In and For LEE COUNTY, FLORIDA, Defendant.

Bankruptcy No. 80–1986.
Adv. No. 85–396.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 28, 1986.

Robert L. Donald, Fort Myers, for plaintiff.

Steven Carta, Fort Myers, for defendant.

ORDER ON MOTION FOR SUMMARY JUDGMENT AND ON MOTION FOR JUDGMENT ON THE PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration are Motions for Summary Judgment, filed in the above-captioned adversary proceeding by Diane Jensen (Trustee) and by Charlie B. Green (Green), the Defendant named in the Complaint filed by the Trustee. It is the contention both of the Trustee and Green that there are no genuine issues of material fact and the claim asserted by the Trustee should be resolved as a matter of law. The facts relevant to the resolution of the Motions as they appear from the pleadings and the affidavits on file are without dispute and are as follows:

Johansen Construction Company (Debtor) at the time relevant was engaged in the construction business. The Debtor originally sought relief under Chapter 11, but having failed to obtain confirmation it's Chapter 11 case was converted to a Chapter 7 case. In due course Diane Jensen was appointed Interim Trustee and later became the permanent Trustee for the estate of the Debtor pursuant to § 702(d) of the Bankruptcy Code. In July, 1983, the Trustee brought suit in the Twentieth Judicial Circuit for Lee County, Florida against one Kotsopoulus and others. The Trustee's suit was based on a claim under a construction contract of the Debtor and sought to recover the unpaid balance due under the contract.

Prior to the institution of the suit, the Trustee also filed a Claim of Lien pursuant to Chapter 713 of the Florida Statutes. The Claim of Lien showed on its face that the Trustee was perfecting the lien in her capacity as "Trustee in Bankruptcy of Johansen Construction." The Claim of Lien was recorded in the public records of Lee County on November 20, 1981.

On May 11, 1982, the Defendants named were the owners of the real property involved in the contract in the State Court action. They substituted a bond as security for the Trustee's lien, thereby releasing the real property from the lien pursuant to § 713.24 of the Florida Statutes. The bond was in the amount of $16,032.95. The transfer bond showed on its face that Green, who was and still is the Clerk of the Circuit Court, served a copy of the transfer bond upon "Jensen as Trustee in Bankruptcy of JOHANSEN CONSTRUCTION COMPANY, INC."

On December 8, 1982, the Defendants in the State Court action requested Green to release the bond. The demand was made pursuant to § 713.24(4) of the Florida Statutes, which specifies that a Claim of Lien shall remain valid for only one year. Green assented to the request and released the bond two days later on December 10, without giving notice to the Trustee.

When the Trustee learned that the bond had been released, she asked the Circuit Court to reinstate the bond on the basis of § 108 of the Bankruptcy Code which extends the time in which the Trustee may bring actions under state law for two years provided that the start of the commencement of the case is not barred by the applicable statute of limitations relating to the particular claim. The Circuit Court recognized that § 108 extended the periods prescribed by Chapter 713 of the Florida Statutes, including the one year lien period and concluded that the lien remained viable beyond the one year period, therefore the bond securing the lien had been improperly released by Green. However, the Circuit Court declined the Trustee's request to re-

instate the bond, because it found that it had no authority for doing so.

The Circuit Court further found that the Trustee was entitled to recover on the contract claim on the theory of quantum meruit, and on September 19, 1984, entered judgment in favor of the Trustee in the amount of $13,502.50 and later a final cost judgment in favor of the Trustee in the amount of $2,554.40 on November 6, 1984. Neither of these judgments were secured by a lien upon real property or a bond, because as noted earlier Green had released the bond posted by the owners. For this reason the Trustee has been able to collect only $8,000 on these judgments from the owners and the balance of the judgments is still outstanding.

The Trustee brought this action against Green in his capacity as Clerk of the Circuit Court. Defendant Green actually became the Clerk after the occurrence of most of the relevant events, but he is being sued in his official capacity only for the derelictions of his predecessor. The Trustee alleged that the Clerk improperly released the bond in violation of § 108 of the Bankruptcy Code, and as a result the Trustee is now prevented from enforcing the judgments against the bond. The Clerk concedes the factual scenario set forth above, but asserts that he can not be held responsible because the Plaintiff Jensen did not come forth and alert him of the applicability of § 108 before the bond was released.

■ It should be noted at the outset the basic proposition that it is essential to an orderly society that all persons must be held to know the law. In 23 Fla.Jur.2d *Evidence and Witnesses,* § 100 (1980) it is stated, "Every person is charged with knowledge of legislative enactments, and this applies to federal law, as well as the state statutes that comprise the domestic law of this jurisdiction." (Footnotes omitted) Thus, it is clear that the Clerk must be held to have known the federal as well as the state law pertaining to the performance of his statutory duties, particularly the effect of § 108 of the Bankruptcy Code

on the statute of limitations including the one year date fixed by Chapter 713.24 of the Florida Statutes.

The Clerk correctly notes that it will often be difficult for him to determine if § 108 of the Bankruptcy Code is applicable before a transfer bond is released. This is certainly true, but the facts of this case show that the Claim of Lien explicitly stated on its face that the claimant was a Trustee in Bankruptcy. Likewise, the transfer bond itself revealed that the claimant was a Trustee in Bankruptcy. Both of these documents were filed with the Clerk. Yet, the Clerk released the bond without informing the Trustee that a demand for release had been made.

■ Based on the foregoing, this Court is satisfied that the Trustee is a member of the class of persons § 108 was intended to protect, that she has suffered the type of injury that § 108 was intended to prevent, and that the Clerk's improper release of the bond caused her injury. *See The Beaches Hospital v. Lee,* 384 So.2d 234, 237 (Fla. 1st DCA 1980); *Brennan v. City of Eugene,* 285 Or. 401, 591 P.2d 719 (1979). This Court is also satisfied and finds that the Trustee had no obligation to alert the Clerk as to the applicability of § 108, even though she essentially did so by filing the Claim of Lien in her capacity as Trustee. To impose such a duty under the circumstances of this case would be to require a party to anticipate the negligence of another, and the law imposes no such duty. *See Burgess v. Freidman & Son, Inc.,* 637 P.2d 908 (Okla.App.1981). Therefore, the Trustee is entitled to a judgment as a matter of law on the basis of the undisputed facts set forth above in the amount of $8,032.95, which represents the difference between the amount of the bond and the amount collected on the judgment.

■ The Court also finds that the Trustee is entitled to interest at the rate of 12% (the rate specified in the state court judgment) from the date the bond could have been executed upon to satisfy the judgment, *i.e.* September 29, 1984.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Motion for Judgment on the Pleadings be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted.

A separate final judgment will be entered in accordance with the foregoing.