511 So.2d 393 (1987)
David G. DREW, As Personal Representative of the Estate of David George Drew, II, Deceased, and On Behalf of Gail W. Drew and David G. Drew, Appellant,
v.
Margaret KNOWLES, R.T.; Cathy Farrell, R.T.; Joe Sansever, R.T.; Nancy Roebuck, R.N.; Elizabeth Beyer, R.N.; Judith Dryer, R.N.; Judith Kaltenbaugh, R.N.; Pam Gillis, R.N.; Robert Colombia, R.N.; Phyllis Sizelove, R.N.; Beverly Theodore, R.N.; Carol McKendree, R.N.; and David E. Law, M.D., Appellees.
No. 86-1067.
District Court of Appeal of Florida, Second District.
July 24, 1987.
*394 Russell S. Bohn of Montgomery, Searcy & Denney, P.A., and Edna L. Caruso, West Palm Beach, and W. McKinley Smiley, Jr., Bradenton, for appellant.
Judith W. Simmons of Foley & Lardner, Tampa, for appellee Dryer.
Steven J. Chase and Donald D. Clark of Abel, Band, Brown, Russell & Collier Chartered, Sarasota, for appellee Law.
George A. Vaka and Philip D. Parrish of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees Knowles, Farrell, Sansever, Roebuck, Beyer, Kaltenbaugh, Gillis, Colombia, Sizelove, Theodore and McKendree.
PER CURIAM.
Appellant, plaintiff below, argues two points in urging that we should find error in the trial court's actions presented to us for review on this appeal. Two differing actions of the trial judge are here for our review. First, appellant argues that the trial judge erred in granting motions to dismiss appellant's fourth amended complaint with prejudice for failure to state a cause of action as to appellee/codefendant respiratory therapists Margaret Knowles, Cathy Farrell and Joe Sansever, and as to appellee/codefendant registered nurses Nancy Roebuck, Elizabeth Beyer, Judith Kaltenbaugh, Pam Gillis, Robert Colombia, Phyllis Sizelove, Beverly Theodore and Carol McKendree. Second, appellant argues that the trial judge erred in granting summary judgment for appellee/codefendant Dr. David E. Law and appellee/codefendant nurse Judith Dryer. We affirm in part and reverse in part.
Appellant's wrongful death action results from the death of his twenty-four-month-old son, David George Drew, II ("Davey"), late in the evening of January 22, 1983, or early morning January 23, 1983. The immediate cause of Davey's death was cardiorespiratory arrest resulting from the complications of acute bacterial meningitis. The primary treatment physicians involved and the hospital that admitted Davey to its care are not parties to this appeal. All of the appellees in this appeal were employees of the admitting hospital with the exception of appellee, Dr. Law. Dr. Law was an internist and pulmonary specialist on the staff of the admitting hospital and on call for emergencies in the intensive care unit of the hospital on the night of Davey's death.
In the early evening of January 21, 1983, Davey was exhibiting symptoms of fever, diarrhea, listlessness and limpness. His parents called their family physician, Dr. Nelson, and reached his answering service. Sometime later that evening, another family physician, Dr. Laukhuf, who shared offices *395 with Dr. Nelson and was "covering" calls for him that evening, returned Davey's parents' call. Dr. Laukhuf scheduled an appointment to see Davey the next morning, a Saturday. Upon examining Davey that next morning, Dr. Laukhuf diagnosed him to be very ill, severely dehydrated and considered that one of several possible illnesses could have been infectious meningitis.
Dr. Laukhuf then sent Davey and his mother across the street in Bradenton to Blake Memorial Hospital to the emergency room. Dr. Laukhuf called in instructions to the hospital and also called Dr. Nelson and informed him of her actions. Davey was admitted to the emergency room of the hospital around noon on January 22, 1983, and later transferred to an adult floor of the hospital that had pediatric beds for the purpose of a spinal tap to diagnose whether he had meningitis. Dr. Nelson performed the spinal tap around 4:00 p.m., confirming the diagnosis of bacterial meningitis. Davey later suffered seizures and was transferred to the intensive care unit.
Later in the evening, Davey suffered cardiorespiratory arrest but was resuscitated and arrangements were made to transfer him by ambulance to All Children's Hospital in St. Petersburg. While being transported by ambulance, Davey again suffered cardiorespiratory arrest. The ambulance was diverted to Manatee County Hospital emergency room, but Davey died in the early morning hours of January 23, 1983.
We first consider whether the trial judge erred in dismissing appellant's complaint for failure to state a cause of action against the three respiratory therapist employees of Blake Memorial Hospital, Knowles, Farrell and Sansever, and the eight registered nurse hospital employees, Roebuck, Theodore, Gillis, Kaltenbaugh, McKendree, Colombia, Beyer and Sizelove. In reviewing an appeal from the dismissal of a complaint as failing to state a cause of action against any defendant, the allegations of the complaint are assumed to be true and all reasonable inferences indulged in favor of the plaintiff. Orlando Sports Stadium, Inc. v. State ex rel Powell, 262 So.2d 881 (Fla. 1972). Adhering to that standard of review, we are required still to affirm the trial court's dismissal of appellant's action as to appellees Farrell, Sansever, Roebuck, Theodore, Colombia, Beyer and Sizelove. Applying the same standard, we must, on the other hand, reverse as to appellees Knowles, Gillis, Kaltenbaugh and McKendree.
Appellant's fourth amended complaint consists of a series of ninety-five separately numbered paragraphs of specific factual allegations directed toward most, but not all, of the defendants. These ninety-five paragraphs are captioned by appellant as "Inducement." There are no specific factual allegations in the "Inducement" that pertain to any specific duty or breach thereof related to the cause of Davey's death in regard to appellees Farrell, Sansever, Roebuck, Theodore, Colombia, Beyer and Sizelove.
The "Inducement" section of appellant's fourth amended complaint is followed by an additional 135 separately numbered paragraphs divided into twenty-four separate counts. Appellees Farrell, Sansever, Roebuck, Theodore, Colombia, Beyer and Sizelove are the subjects of Counts VIII, IX, X, XI, XVI, XVII and XVIII respectively. Those specific counts of the fourth amended complaint are either contradictory to the specific factual allegations of the "Inducement" or are in such general, conclusory terms unsupported by specific, ultimate facts so as not to be capable of supporting a cause of action against those appellees named therein. Peacock v. General Motors Acceptance Corp., 432 So.2d 142 (Fla. 1st DCA 1983).
We do not reach the same conclusion regarding the allegations of appellant's fourth amended complaint as it relates to appellees Knowles, Gillis, Kaltenbaugh and McKendree. Accepting as we must the truth of appellant's allegations as they pertain to those four appellees, and indulging all reasonable inferences in appellant's favor, we must reverse the trial court's dismissal of appellant's cause of action as to those four appellees.
*396 Appellees seem to make an argument that nurses or respiratory therapists are immune from liability in Florida because they are acting either "professionally" under the direction of a physician or "ministerially" under the direction of their employer hospital. In support of their argument, appellees rely on Wilson v. Lee Memorial Hospital, 65 So.2d 40 (Fla. 1953); Buzan v. Mercy Hospital, Inc., 203 So.2d 11 (Fla. 3d DCA 1967); Beaches Hospital v. Lee, 384 So.2d 234 (Fla. 1st DCA), pet. for rev. denied, 392 So.2d 1371 (Fla. 1980). In Buzan, the court cites with approval the holding in Rural Education Association v. Bush, 42 Tenn. App. 34, 298 S.W.2d 761 (1956) that "[w]hen a nurse acts under the orders of a private physician in matters involving professional skill and decision, she is absolved from liability for her acts." Buzan, 203 So.2d at 13.
We agree that a nurse acting under the direction and orders of a physician in matters involving medical professional skill and judgment is absolved from liability for the acts so performed, absent independent negligence upon the part of the nurse, and absent a performance of those acts or duties a nurse is called upon to perform at a level of performance below that which is expected of a similarly qualified nurse. Similarly, where a nurse is called upon to exercise professional judgment or to perform discretionary ministerial acts and does so negligently, the nurse may be liable.
We do not intend to nor do we believe we are charting new paths of additional medical malpractice actions. Because of the usual lack of a "deep pocket," nurses and other similar medical professionals have not been named defendants in actions brought mainly against doctors and hospitals. The lack of such previous actions does not imply that there has been any lack of liability in the areas we have specified. We are not creating new areas of liability. See ch. XVI A, "Nursing Negligence," Louisell and Williams, Medical Malpractice, Volume I; Nurse  Malpractice or Negligence, 51 A.L.R.2d 970.
We, therefore, reverse the dismissal of appellant's cause of action against appellees Knowles, Gillis, Kaltenbaugh and McKendree. Our action in reversing is not an indication that upon full development of the facts, those four appellees might not be entitled to summary judgment, as were appellees Dr. Law and nurse Dryer, to whose summary judgments we now proceed to consider and affirm.
Dr. Law was an internist specializing in pulmonary medicine. He was on call to the intensive care unit of Blake Memorial Hospital when Davey first suffered cardiorespiratory arrest. Dr. Law refused at first to answer the call because he did not treat children under twelve years of age and did not feel qualified. He responded only upon urging and in light of the critical emergency when other assistance was not readily available.
Appellant's fourth amended complaint alleges that the ICU nurses asked "Dr. Law, an adult pulmonologist, to see Davey in the ICU." Appellant further alleges "Dr. Law assessed the child, saw that the child was in shock and attempted to do a cutdown so that they could administer the fluids to the child. Dr. Law was unsuccessful in attempting to administer a cutdown to the child." Appellant's complaint further alleges that Dr. Law held himself out as a specialist in the field of pulmonology and deviated from acceptable standards of care for a physician of his specialty in the community.
On Dr. Law's motion for summary judgment, he presented an affidavit of a physician specializing in pulmonary medicine familiar with the standard of care in Bradenton and other communities having similar medical standards and facilities. The affidavit stated that Dr. Law did not deviate from the acceptable standard of care in treating Davey. Appellant did not submit opposing affidavits or depositions of "similar health care providers" as that term is defined by section 768.45(2)(b), Florida Statutes (1981). The only opposing documentation submitted by appellant was not timely filed. The rejection of those late filed documents, even if relevant, was not *397 an abuse of discretion. Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla. 1982).
We, therefore, affirm the summary judgment on behalf of appellee Dr. Law. We, likewise, affirm on similar grounds and similar reasoning the summary judgment for nurse Dryer.
Appellant's specific allegations regarding appellee Dryer are only that she failed to monitor Davey's blood pressure while in the emergency room. Davey was in the emergency room waiting to be admitted to a hospital floor in anticipation of a spinal tap to be performed by the attending physician. There is no evidence that the failure to monitor blood pressure before he was seen by his attending physician and before his spinal tap in any way contributed to Davey's ultimate death. The relevant affidavits and depositions on file show no genuine issue of material fact pertaining to whether nurse Dryer was proximately negligent. The undisputed facts show she was not. We, therefore, affirm the summary judgment in her behalf.
Affirmed in part and reversed in part and remanded.
DANAHY, C.J.,[*] and CAMPBELL and FRANK, JJ., concur.
NOTES
[*] Judge Danahy participated in the decision but did not participate in the oral argument.