548 So.2d 891 (1989)
Irwin LIGHTERMAN, M.D., Appellant,
v.
Martha PORTER, Individually, and As Mother and Natural Guardian of Audra Porter, a Minor, Appellee.
No. 88-2902.
District Court of Appeal of Florida, Third District.
September 19, 1989.
*892 Levine & Lygnos and Arthur Joel Levine, Ft. Lauderdale, for appellant.
Sobel & Sobel, and Martin A. Feigenbaum, Miami, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
Appellant Irwin Lighterman, M.D., appeals entry of partial summary judgment against him on the issue of liability in a medical malpractice action. As there exists a disputed issue of material fact, we reverse.
Ms. Porter, plaintiff below, brought her daughter Audra to the emergency room of Miami General Hospital for treatment of lacerations Audra had suffered to two of her fingers. While waiting in the emergency room, Ms. Porter, a nurse at the hospital, noticed Dr. Lighterman, whom she knew, and prevailed upon him to treat her daughter. Dr. Lighterman, a plastic surgeon, was neither an employee of the hospital nor on emergency room duty at the time. After stitching Audra's fingers, Dr. Lighterman asked that Audra's fingers be bandaged and the emergency room nurse assigned an emergency room technician to do the job. The parties dispute whether Dr. Lighterman remained to inspect the bandage. While Ms. Porter asserts that he did, Dr. Lighterman maintains that he left for a previously scheduled engagement before the bandaging was performed. In either event, the bandage was too tight. Gangrene ensued, ultimately resulting in the amputation of one of Audra's fingers and the bringing of this lawsuit against Dr. Lighterman for medical malpractice.
The trial court entered partial summary judgment against Dr. Lighterman on liability. The court reasoned that the emergency room technician, although an employee of the hospital, was the "borrowed servant" of Dr. Lighterman, for whose negligence the doctor would be vicariously liable. See, e.g., Buzan v. Mercy Hospital, Inc., 203 So.2d 11 (Fla. 3d DCA 1967). See generally Insinga v. LaBella, 543 So.2d 209 (Fla. 1989); 1 D. Louisell & H. Williams, Medical Malpractice para's 16.07-.08 (1988).
This court has said of the borrowed servant doctrine:
[T]his principle has utterly no application to the case ... in which the negligence occurred when the surgery had long since been completed and the surgeon was neither physically present nor any longer directing the activities of the hospital employees. It is a fundamental rule that the respondeat superior doctrine applies only when the alleged master has the ability and authority to direct and control the pertinent acts of the employee... . Based upon this doctrine, the courts have unanimously held that in a post-surgical situation such as this one, the hospital and not the physician is liable for the acts of its employees.
Variety Children's Hosp., Inc. v. Perkins, 382 So.2d 331, 335 (Fla. 3d DCA 1980) (citations omitted).
In the present case there are disputed issues of material fact over whether the doctor had departed prior to the bandaging, *893 or remained during the bandaging and if so, whether he actually assumed direction and control of the bandaging. Also unresolved on this record is the related question whether bandaging, even if performed in the physician's presence, is a duty "involving professional skill, which would render the actor subject to the surgeon's control," or a ministerial service "which would not implicate the borrowed servant doctrine." Vargas v. Dulzaides, 520 So.2d 306, 307 (Fla. 3d DCA) (citation omitted), review dismissed, 528 So.2d 1184 (Fla. 1988); see Buzan v. Mercy Hospital, Inc., 203 So.2d at 12.
The partial summary judgment should not have been entered.
Reversed.