648 So.2d 253 (1994)
METTLER, INC., a Michigan corporation, Appellant,
v.
ELLEN TRACY, INC., a New Jersey corporation, and Ellen Tracy, Inc. of Ellenton, Inc., a Florida corporation, Appellees.
No. 93-02970.
District Court of Appeal of Florida, Second District.
December 30, 1994.
*254 Stuart Jay Levine of Brown, Clark & Walters, Sarasota, for appellant.
William A. Post, Dunnellon, for appellees.
QUINCE, Judge.
Mettler, Inc. (Mettler), appeals the trial court's dismissal of portions of its original complaint, amended complaint and second amended complaint. We reverse the court's dismissal of counts I, II, and III of the second amended complaint for fraud and breach of contract. We affirm the court's dismissal of count IV of the amended complaint for rescission and count IV of the original complaint for interference with a business relationship.
Mettler, Inc., is a retail store in Sarasota County, Florida. Mettler contracted with Ellen Tracy, Inc. (Ellen Tracy) to purchase for resale substantial quantities of Ellen Tracy products. Mettler alleges Ellen Tracy promised, as an inducement for the contract, it would not sell the same or similar products in Manatee or Sarasota Counties at a reduced price. Ellen Tracy thereafter opened a discount outlet store in Manatee County selling the same or similar products.
On or about August 14, 1992, Mettler filed a five-count complaint against Ellen Tracy, Inc. and Ellen Tracy, Inc. of Ellenton, Inc., for fraud, breach of contract, violation of section 501.201, Florida Statutes (1991), (Florida Deceptive and Unfair Trade Practices Act), intentional interference with a business relationship, and breach of implied warranties. In September 1992 the fraud and breach of contract counts were dismissed *255 without prejudice and the other counts were dismissed with prejudice.
An amended complaint alleging four counts, fraud in the inducement, fraud in the concealment, breach of contract and rescission of the oral contract to purchase, was filed on December 21, 1992. Counts I, II and III of the amended complaint were dismissed without prejudice, and count IV was dismissed with prejudice on March 1, 1993. On March 25, 1993, the second amended complaint was filed alleging fraud in the inducement, fraud in the concealment and breach of contract. This second amended complaint was dismissed with prejudice on June 7, 1993, and a motion for rehearing was denied on August 10, 1993. Mettler timely appealed on August 27, 1993.
In reviewing an order dismissing a complaint for failure to state a cause of action this court must look only to the four corners of the complaint, accepting the allegations of the complaint as true and resolving all reasonable inferences in favor of the plaintiff. Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla. 1992); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972); Drew v. Knowles, 511 So.2d 393, 395 (Fla. 2d DCA 1987). A motion to dismiss should not be granted on the basis of affirmative defenses unless the affirmative defenses appear on the face of the pleading. Attias v. Faroy Realty Co., 609 So.2d 105 (Fla. 3d DCA 1992); Board of County Com'rs of Polk County, Fla. v. Aetna Cas. & Sur. Co., 604 So.2d 850 (Fla. 2d DCA), review denied, 613 So.2d 2 (Fla. 1993).
Applying these principles to the complaint, amended complaint and second amended complaint in the instant case, we conclude the second amended complaint does state a cause of action for fraud in the inducement, fraud in the concealment and breach of contract. While the motion to dismiss attacks the complaint on sufficiency grounds, it does not allege or demonstrate that an affirmative defense appears on the face of the complaint. Our determination must be without regard to any prospective affirmative defense. Warwick v. Post, 613 So.2d 563 (Fla. 5th DCA 1993).
By our holding we do not pass on appellant's likelihood of ultimate success on the merits of the claims nor do we determine the existence or nonexistence of any affirmative defenses. We are concerned that a motion to dismiss not be used as a substitute for a judgment on the pleading or a motion for summary judgment.
Count I of the second amended complaint alleges fraud in the inducement. The elements necessary to state a cause of action for fraud in the inducement are 1) a false statement concerning a material fact, 2) knowledge by the person making the statement that the representation is false, 3) intent by the person making the statement that the representation will induce another to act upon it, and 4) reliance on the representation to the injury of the other party. C & J Sapp Pub. Co. v. Tandy Corp., 585 So.2d 290, 292 (Fla. 2d DCA 1991). The second amended complaint alleges all of these elements. In addition, Mettler alleges Ellen Tracy had the specific intent not to perform at the time the representations were made. See Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA), review denied, 408 So.2d 1093 (Fla. 1981).
Count II of the second amended complaint pleads an action for fraud in the concealment. The allegation that Mettler did not have an equal opportunity to become apprised of the information regarding Ellen Tracy's intent to open a discount outlet coupled with other allegations of fraud are sufficient to state this cause of action. Ramel v. Chasebrook Constr. Co., 135 So.2d 876, 882 (Fla. 2d DCA 1961).
The trial court erred in dismissing count III of the second amended complaint. All the elements for breach of contract are sufficiently pled to state this cause of action. Mettler alleged an offer, acceptance, consideration, a contract, breach of the contract and damages. Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985).
We agree, however, with the trial court that Mettler has failed to state a cause of action for rescission or interference with a business relationship. See Bass v. Farish, 616 So.2d 1146 (Fla. 4th DCA 1993); Collier *256 v. Boney, 525 So.2d 971 (Fla. 1st DCA 1988); Azar v. Lehigh Corporation, 364 So.2d 860 (Fla. 2d DCA 1978).
We therefore affirm that portion of the trial court's order dismissing the counts for rescission and interference with a business relationship. We reverse the court's dismissal of counts I, II and III of the second amended complaint alleging fraud in the inducement, fraud in the concealment and breach of contract. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
SCHOONOVER, A.C.J., concurs.
ALTENBERND, J., concurs in part and dissents in part with opinion.
ALTENBERND, Judge, concurring in part, and dissenting in part.
With considerable reluctance, I would permit Mettler one more chance to plead a cause of action against Ellen Tracy. I do not agree, however, that it has yet stated a cause of action against either defendant, or that it should be permitted another chance to sue Ellen Tracy of Ellenton.
Mettler has attempted to plead three causes of action that are factually incompatible. On remand, the plaintiff should be required to plead, in good faith, one or two theories that its witnesses' testimony can support. If Mettler elects to pursue a claim for breach of an oral contract, it should be required to plead facts distinguishing the consideration given for the alleged oral contract from that consideration supporting the standard contract for sale of goods which must exist in this case.
The plaintiff's initial complaint and two amended complaints barely contain enough factual allegations to explain its three theories. Apparently, sometime in early 1992, Mettler bought a quantity of designer dresses from Ellen Tracy to sell in its retail store in Sarasota County. Thereafter, and presumably before Mettler sold all of these dresses, a discount outlet known as Ellen Tracy of Ellenton opened in Manatee County. Ellen Tracy of Ellenton is a separate legal entity, but is perhaps a corporate subsidiary of Ellen Tracy. Competition from the outlet may have prevented Mettler from selling its dresses at a profitable retail price.
The second amended complaint contains counts for breach of an oral contract, fraud in the inducement, and fraudulent concealment. The theories behind these counts are factually incompatible, and the testimony of Mettler's own employees should limit it to one or, perhaps, two theories. In the count for breach of contract, Mettler maintains that it had an oral contract with Ellen Tracy under which Ellen Tracy expressly agreed not to open a discount outlet in Sarasota or Manatee County. In the count for fraud in the inducement, Mettler claims that Ellen Tracy induced it to buy the clothing by expressly stating that it would not open a discount outlet in the area. Mettler maintains that this was a misrepresentation of fact because Ellen Tracy was implementing plans to open the outlet when the representation was made. Finally, in the count for fraudulent concealment, Mettler asserts that Ellen Tracy knew about the plans to open the outlet, had a duty to disclose these plans to Mettler as part of the negotiations preceding the sale of the dresses, and that it did not disclose this information. Mettler does not disclose this information. Mettler does not allege that Ellen Tracy of Ellenton had any direct involvement in these acts.
Neither count alleging fraud satisfies the spirit or the letter of Florida Rule of Civil Procedure 1.120(b), which requires "the circumstances constituting fraud shall be stated with such particularity as the circumstances may permit." For Mettler to prove its case, it will need to establish that an employee of Ellen Tracy either did or did not discuss the possibility of a discount outlet with a specific employee of Mettler. If Mettler complies with rule 1.120(b), it may find itself unable to allege a cause of action for either fraud in the inducement or fraudulent concealment. Because Mettler has had prior opportunities to plead a specific claim for fraud, if it cannot allege the specifics of fraud in the next amended complaint, any counts based thereon should be dismissed with prejudice. Moudy v. Southland Distributing Co., 452 So.2d 1045 (Fla. 2d DCA 1984).
*257 Additionally, I am unconvinced that Mettler has alleged a duty to disclose in support of its theory of fraudulent concealment. Admittedly, Ellen Tracy might have had superior knowledge of plans to sell its clothing at discount prices at a nearby location. A wholesaler almost always has superior knowledge of other likely retailers in a region. Nevertheless, the doctrine of caveat emptor still applies in many, if not most, commercial transactions. Futura Realty v. Lone Star Bldg. Centers, 578 So.2d 363 (Fla. 3d DCA), review denied, 591 So.2d 181 (Fla. 1991). In a standard transaction between a buyer and seller of goods under the Uniform Commercial Code (UCC), the doctrine of caveat emptor has been modified by the implied warranties contained in section 672.314, Florida Statutes (1991). See Haskell Co. v. Lane Co., 612 So.2d 669 (Fla. 1st DCA), review dismissed sub nom., Service Merchandise Co. v. Lane Co., 620 So.2d 762 (Fla. 1993). Mettler, however, does not rely on any of these implied warranties. If we do not limit fraudulent concealment to extraordinary cases in which the specific factual allegations warrant a duty of disclosure, then tort law will supplant the UCC implied warranties and overwhelm both contract law and the doctrine of caveat emptor.
Finally, Mettler's count for breach of contract is very troubling. The alleged sale of these goods between a wholesaler and a retailer is clearly governed by the UCC, chapter 672, Florida Statutes (1991). As such, one would anticipate the existence of the standard documents used to memorialize such a sale of goods. See §§ 672.201-.210, Fla. Stat. (1991). Nevertheless, the second amended complaint does not describe or attach such documents and does not suggest that the standard documents do not exist. The complaint fails to allege Mettler's purchase price for these dresses. It further lacks an assertion of special consideration for an additional, ongoing contractual relationship beyond the normal UCC transaction. If the sales documents were attached to the second amended complaint or the complaint was otherwise more specific, it is likely that these allegations of an oral contract, on their face, would violate the statute of frauds. See § 672.201(1), Fla. Stat. (1991).