58 So.2d 150 (1952)
EPPERSON et al.
v.
MYERS et al.
Supreme Court of Florida, Division A.
April 15, 1952.
*151 Scofield & Bradshaw, George W. Scofield and Donald J. Bradshaw, all of Inverness, for appellants.
W. Raleigh Petteway, Miami, for appellees.
TERRELL, Justice.
This suit was brought by 114 members of the First Baptist Church of Eustis, against M.H. Epperson, W.W. Campbell, Howard Rich, A.C. Yonally, Elmer Higgins and Tom Givens as defendants. The bill alleges that plaintiffs L.L. Polk, R.M. Moore, J. Earl Myers and C.C. Hobbs are the duly elected and qualified trustees of said church, that defendant M.H. Epperson was its pastor prior to December 13, 1950, at which time his services were terminated, but that said Epperson continues or pretends to act as such pastor in violation of the rights of its members and officers, that defendants Howard Rich, A.C. Yonally, Elmer Higgins and Tom Givens claim to be and are acting as trustees in violation of the rights of plaintiffs L.L. Polk, R.M. Moore, J. Earl Myers and C.C. Hobbs, the duly qualified trustees, that some of said plaintiffs are members in good standing but were notified by defendants that they were, on March 14, 1951, excluded from such membership, that said church owns property in Eustis consisting of an old and a new church building and a parsonage which is occupied by Epperson in violation of the rights of the plaintiffs.
An answer was filed which placed in issue the material allegations of the bill of complaint, evidence was taken by the chancellor who on final hearing found that Epperson's relationship as pastor of the church was severed on December 13, 1950, that the meeting of January 8, 1951, at which Howard Rich, A.C. Yonally, Elmer Higgins and Tom Givens claim to have been elected trustees and other meetings at which J. Earl Myers and others were suspended from the church and certain business was transacted, were not meetings of the church but were meetings of a faction in the church, that they were not held in good faith and that the things done and attempted by them were without authority. Final decree was entered accordingly. Epperson was enjoined from longer occupying the church property or acting as pastor of the church. This appeal is from the final decree.
The point for determination is whether or not appellees, who were complainants below, had a right to seek redress of the wrongs done them and secure a declaration of their rights in a court of law.
Appellants contend that the matter of calling a pastor, excluding members from the church, electing church officers and the conduct of other routine church business is purely ecclesiastical, that the jurisdiction of the church court as to such matters is final and that the civil courts have consistently declined to assume jurisdiction of them. Partin v. Tucker, 126 Fla. 817, 172 So. 89; First Free Will Baptist Church of Blountstown, Inc., v. *152 Franklin, 148 Fla. 277, 4 So.2d 390; Mount Olive Primitive Baptist Church v. Patrick, 252 Ala. 672, 42 So.2d 617, 20 A.L.R.2d 417, and cases of similar import are relied on to support this contention.
These cases support the rule contended for by appellant but they also approve the exception that when there is a showing of fraud, collusion or arbitrary conduct on the part of the church authorities, the courts will interfere to protect the rights of those imposed on. In this case the bill of complaint alleges, the evidence shows, and the court found that Epperson's relation as pastor of the church was regularly severed December 13, 1950, that the meeting of January 8, 1951, at which defendants Howard Rich, A.C. Yonally, Elmer Higgins and Tom Givens claim to have been elected trustees, was not a meeting of the church but that it was the meeting of a faction, that said meeting was not held in good faith, that all meetings held after January 8, 1951, were meetings of said faction, that said meetings were not made known or advertised except by notice secretly given to the "right" people and that attempts to oust plaintiffs as members of the church or perform other church functions were void and of no effect.
We find ample support in the record for the final decree. The Baptist Church is congregational in government and conducts its proceedings by well-established rules of church order. Its discipline is not only democratic, it is one of the oldest democratic institutions in this country. It was fathered by Roger Williams, the founder of Rhode Island and the founder of the Baptist Church in America, who was on the ground one hundred years ahead of Thomas Jefferson advocating the basic principles on which political and religious democracy were ultimately established. There is no theory under which the affairs of the Baptist Church can be administered by a "rump faction" in the manner found to have been done in this case. It must be accomplished by the Church organization under recognized rules of church order. When a "faction" of the church arrogates authority to itself, disrupts the organization and sets at naught well-defined rules of church order, there is no course left for those who desire their rights settled through orderly processes but resort to the courts.
The judgment appealed from finds ample support in the record and is affirmed.
Affirmed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.