363 So.2d 63 (1978)
Garnett UMBERGER, Berrian W. Rouse, Ronald E. Sanders, H. Paul Taylor, Luther H. Dean and Thomas F. Futch, Appellants,
v.
Vernon F. JOHNS, Willis H. (Bill) Fowler, Eugene Hodges, F.E. (Gene) McCloud, Cora Lee (Mrs. Ronald) Hersey and W.E. Turner, Grady Mason and Richie Shirley, As Trustees of Sans Souci Baptist Church, an Unincorporated Religious Society, Appellees.
No. JJ-255.
District Court of Appeal of Florida, First District.
October 11, 1978.
*64 William H. Maness, Jacksonville, for appellants.
Eric B. Smith, Jacksonville, for appellees.
McCORD, Chief Judge.
This is an appeal from the trial court's dismissal with prejudice of appellants' amended complaint. The amended complaint alleged in substance that appellees, a faction of the Sans Souci Baptist Church of Jacksonville, colluded to adopt a resolution without adequate notice which in effect deprived appellants of their active membership in the church, their right to vote on business affairs of the church, their right to hold elected positions of responsibility in the church and their right to continue to teach in the Sunday School and Training Union. We reverse.
The allegations of the amended complaint are to the effect that on June 6, 1977, appellees caused a notice to be sent to the church membership calling attention to the regular monthly business meeting to be held on June 8, 1977, and encouraging members "who are interested in the future ministry of Sans Souci Baptist Church to be in attendance at this important meeting"; that at the June 8 meeting, a majority of the church members who were present (20% of the membership being present) passed a resolution (attached to the amended complaint as an exhibit) which gave rise to this cause of action. The resolution stated a general purpose of restoring unity and harmony within the church and in pursuit of that goal it required all members to sign the church covenant and the resolution on or before June 26, 1977. The resolution provided that any members who did not sign as required would enter an inactive membership status with the above-named restrictions on their church activities. The amended complaint alleged that appellants refused to sign the resolution and covenant and were thereafter notified of their inactive membership status.
Under the adopted rules of church order (the by-laws) applicable to Sans Souci Baptist Church (attached to the amended complaint as an exhibit), there is no provision for the automatic placement of any person on the "inactive" status. Instead, the by-laws set forth a series of steps to be fulfilled before one will be declared inactive. The adoption of the resolution at issue in this case had the effect of adding a new category of "inactive" members, to-wit: Those persons who refused to sign the June 8, 1977, resolution and the covenant. Since appellants' membership status was changed automatically by their failure to sign, the legal effect of the resolution was an alteration of or amendment to the requirements of the by-laws regarding change in membership status. The church by-laws provide that a meeting in which an amendment to the by-laws is to be considered must be duly noticed for not less than 8 days and publicity shall be given as to the purpose both *65 from the pulpit and in the church bulletin for two consecutive Sundays. The amended complaint alleges that no such notice was given prior to the June 8 meeting.
We endorse the general rule that civil courts do not assume jurisdiction to adjudicate disputes in ecclesiastical matters. However, appellants filed this action in the trial court seeking to have the court apply and enforce principles of parliamentary procedure and not for the purpose or effect of involving a court of law in an ecclesiastical matter. As recognized in Epperson v. Myers, 58 So.2d 150 (Fla. 1952):
"The Baptist Church is congregational in government and conducts its proceedings by well-established rules of church order... . [The affairs of the Baptist Church] must be accomplished by the [c]hurch organization under recognized rules of church order. When a `faction' of the church arrogates authority to itself, disrupts the organization and sets at naught well-defined rules of church order, there is no course left for those who desire their rights settled through orderly processes but resort to the courts."
In keeping with the Epperson reasoning, we find that appellants' amended complaint states a cause of action insofar as it alleges that appellees effected a change in the church by-laws without complying with the notice requirements of the by-laws.
REVERSED and REMANDED.
BOYER and MILLS, JJ., concur.