442 So.2d 1068 (1983)
H.S. COVINGTON, et al., Appellants,
v.
Thomas J. BOWERS, et al., Appellees.
No. AS-170.
District Court of Appeal of Florida, First District.
December 20, 1983.
Clinton E. Foster and Richard D. Ogburn, Panama City, for appellants.
J. Robert Hughes of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fensom, Panama City, for appellees.
*1069 MILLS, Judge.
This appeal stems from a controversy between two factions of the Macedonia Missionary Baptist Church. One faction supports the Reverend H.S. Covington who was, and still claims to be, pastor of the church. The other faction no longer wants Covington as pastor.
At a regularly scheduled church business meeting, with Covington presiding, a deacon raised the issue of Covington's termination. Covington attempted to ignore the issue. The group became unruly. Covington and several of his supporters left the meeting. Covington asserts that he adjourned the meeting before leaving.
Those remaining at the meeting voted on whether to terminate Covington. The vote was thirty-four to nothing in favor of termination, with seven abstaining. The next day, Covington received a letter informing him that he had been dismissed. The letter was signed by the chairman of the board of deacons, the chairman of the board of trustees, and the church clerk.
On two later occasions, Covington entered the church during services and announced to the congregation that meetings would be held to determine if he was still the pastor of the church. At those meetings, Covington's supporters voted to retain him as pastor. They also voted to remove the trustees and deacons and purported to install new ones.
Covington and his supporters filed a complaint seeking to enjoin the original trustees and deacons from acting as trustees and deacons and from otherwise interfering with church operations, including Covington's pastorate. The defendants counterclaimed seeking judicial confirmation that Covington was no longer pastor of the church and an injunction against interference with church operations by Covington and his supporters.
Following two days of testimony, the trial court issued an order finding that the congregation was duly assembled when those presented voted to fire Covington. The trial court granted the relief sought by the anti-Covington faction and denied the relief sought by Covington and his supporters.
The essential question is whether the vote to terminate Covington was binding as action of the church. The parties agree that church custom governs church procedures. There are no church by-laws. If the meeting at which Covington was fired was duly assembled according to church custom, and if those assembled had the authority according to church custom to terminate the pastor, the trial court acted properly by refusing to interfere with the actions taken by the group. Such interference would impinge upon the fundamental separation between church and state. Partin v. Tucker, 126 Fla. 817, 172 So. 89 (1937).
Covington and his supporters argue that according to church custom, the pastor has the authority to unilaterally adjourn a church meeting if he believes it is unruly and dangerous. They contend that Covington did indeed unilaterally adjourn the meeting for this reason before those present voted on his termination. They contend that any actions taken after the adjournment were the actions of a "rump faction" and were of no effect. See, Epperson v. Myers, 58 So.2d 150 (Fla. 1952). Moreover, Covington and his supporters argue that church custom requires conciliation talks with the board of deacons and a special meeting of the congregation called for the sole purpose of voting on termination before a pastor can be terminated.
After reviewing the conflicting testimony, we think the trial court as factfinder could find that the procedure used for Covington's dismissal accorded with church custom. Covington was the only witness who unequivocably testified that custom allowed a pastor to unilaterally adjourn a church meeting. Others who testified indicated that Covington had no authority to unilaterally adjourn a church meeting. Still others were confused about the matter. The trial court listened to the conflicting testimony and made a determination which we will not disturb on review.
*1070 The assertion that church custom requires that a pastor be terminated only after conciliation talks with the board of deacons and after a special meeting of the congregation is also based on conflicting testimony which the trial court resolved in favor of the anti-Covington faction. We will not second guess the trial court's determination.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.