447 So.2d 976 (1984)
Bonnie A. HEMPHILL, Petitioner,
v.
ZION HOPE PRIMITIVE BAPTIST CHURCH OF PENSACOLA, INC., a Florida Corporation, et al., Respondent.
No. AV-221.
District Court of Appeal of Florida, First District.
March 16, 1984.
*977 Mary M. Callaway, Pensacola, for petitioner.
Barry Rhodes of Reynolds & Rhodes, Pensacola, for respondent.
WENTWORTH, Judge.
This is an appeal from an interlocutory order granting plaintiffs/appellees a temporary injunction restraining appellant from assuming or exerting any authority as pastor of the Zion Hope Primitive Baptist Church of Pensacola, Inc., pending the final disposition of this case. We affirm.
Appellant had been the pastor of Zion Hope since 1977 when a dispute arose among members of the congregation regarding his continued employment. On July 5, 1983, a group of members calling themselves the Board of Trustees held a meeting and fired the pastor. The pastor was informed of the action of the trustees on July 8, 1983, but the following Sunday he convened, and attempted to conduct, the church service. Although the parties agree on very little, they do agree that the services did not proceed in an orderly manner, but were disrupted by "considerable turmoil." Thereafter, this action was filed in the name of the church by the members of the group who had fired appellant. The amended complaint sought a temporary and permanent restraining order as well as an accounting. It is the trial court's order granting the temporary injunction, restraining appellant from acting as pastor of the church, from which this appeal is taken.
Appellant contends that the trial court's order is in violation of the provision in the First Amendment to the United States Constitution which prohibits government interference in ecclesiastical matters. According to appellant, the court cannot determine whether he was rightfully fired without construing matters of church doctrine, an activity clearly prohibited by the First Amendment. However, when the controversy turns on whether a minister's discharge was accomplished in accordance with the corporate charter, ecclesiastic matters do not come into play and the civil courts are an appropriate forum for the type of relief sought here. Cf., Epperson v. Myers, 58 So.2d 150 (Fla. 1952); Covington v. Bowers, 442 So.2d 1068 (Fla. 1st DCA 1983). The complaint in this case alleges that the church is a duly authorized corporation and that the discharge was accomplished in accordance with the articles and bylaws of the corporation. Copies of those articles and bylaws are included in appellant's appendix, and reveal that no interpretation of church doctrine is required to effect a judicial construction of those provisions pertaining to the discharge of corporate employees. Therefore, the trial court's acceptance of jurisdiction and resulting orders do not violate the constitutional requirement of separation of church and state.
Affirmed.
MILLS, J., and McCORD, Jr. (Ret.), Associate Judge, concur.