762 So.2d 979 (2000)
Philip C. HOUSEMAN, Appellant,
v.
SUMMIT CHRISTIAN SCHOOL OF PALM BEACH COUNTY, FLORIDA, INC., Lawson A. Wright, William Ryan, John Patten, Peter Bono and Shiela Van Es, Appellees.
No. 4D99-3480.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Rehearing Denied July 18, 2000.
*980 Allan L. Hoffman, West Palm Beach, for appellant.
Helen Leen Miranda of Josephs, Jack & Gaebe, P.A., Miami, for appellees.
PER CURIAM.
Appellant Phillip Houseman (Houseman) is the former pastor of the Calvary Baptist Church of Palm Beach County (the Church) and the former director of the Summit Christian School (the School), which is a separate entity affiliated with the Church. Houseman resigned as pastor and was replaced as the director of the School several months later. After being removed as director of the School, Houseman filed a multi-count complaint against the School and several members of its newly elected board of directors. The trial court dismissed four of the five counts in Houseman's complaint with prejudice, and this appeal followed.
We hold the trial court properly dismissed with prejudice the counts in Houseman's complaint, with the exception of the breach of contract count. Houseman's breach of contract count claimed entitlement to retirement benefits pursuant to a contract purportedly entered into with the School. Accepting the facts as alleged in the complaint as true, it is clear that Houseman has sufficiently pled a breach of contract action against the School. See Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524, 526 (Fla. 1st DCA 1997).
The Third District Court of Appeal addressed a similar issue in Goodman v. Temple Shir Ami, Inc., 712 So.2d 775, 777 (Fla. 3d DCA 1998). In Goodman, the rabbi of the temple (Goodman) filed a complaint for defamation and breach of his employment contract. The trial court found it had no subject-matter jurisdiction over Goodman's claims and dismissed his causes of action against the temple as constitutionally barred. Although the dismissal of the majority of Goodman's claims was affirmed on appeal, the Third District held the trial court had jurisdiction over Goodman's breach of contract claim because it did not, under the facts alleged in the complaint, create an excessive entanglement with religious beliefs. We find the reasoning in Goodman persuasive and hold that Houseman's breach of contract claim, under the facts alleged in the complaint, did not create an excessive entanglement with religious beliefs.
Accordingly, we reverse the dismissal of Houseman's breach of contract claim. The order is otherwise affirmed. This case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
KLEIN, STEVENSON and HAZOURI, JJ., concur.