769 So.2d 1073 (2000)
Walter KOND, Maria Kond, Sofya Boyko and Anatoly Boyko, Appellants,
v.
Stefan MUDRYK, Lidia Nazaruk, Ana Serdiuk, Russian Ukranian Baptist Church, Inc., a Florida corporation, The Russian-Ukranian Evangelical Baptist Union, USA, Inc., a foreign corporation, Alexander Koltakov and Alexander Leonovich, Appellees.
No. 4D99-3796.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
Rehearing Denied November 7, 2000.
*1074 Louis C. Arslanian, Hollywood, for appellants.
Perry W. Hodges, Jr. of Perry W. Hodges, Jr., P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Walter Kond, Maria Kond, Sofya Boyko, and Anatoly Boyko filed two separate amended complaints against appellees for declaratory relief and slander. Maria Kond individually sought relief for intentional infliction of emotional distress. On appellees' motions, the trial court consolidated appellants' cases. This appeal is from the trial court's dismissal with prejudice of appellants' amended complaints.
*1075 In their claims for declaratory relief, appellants sought a declaration of the church's (the Russian Ukranian Baptist Church, Inc.) and appellants' respective rights as to: "the expulsion of Church members, including [appellants]; the appointing or designation of a Pastor; the holding of elections; and the performance of an audit...." Appellants alleged that the church and its Board of Directors ("the Board") acted contrary to its by-laws when they: (1) expelled them as members from the church without any vote; (2) appointed a new pastor without a full election of the church members; (3) rescinded its October 1997 by-laws for new ones without an election; (4) re-elected the Board without a proper quorum or notice; and (5) failed to perform a required audit. In support of their allegations, appellants attached multiple documents to their complaints. These documents included the church's Articles of Incorporation, the church's October 1997 by-laws, and a letter from the Russian-Ukranian Evangelical Baptist Union, USA, Inc. ("the Union") asking that appellants "voluntarily withdraw from membership in the church."
Appellants also sought money damages for slander. They alleged, among other things, that "each of the individual Defendants" both in and out of church made slanderous statements about them to other church members in retaliation for their criticisms about the Board's selection of a new pastor, the church's alignment with the Union, and the church's failure to perform a required audit. In a separate count, Mrs. Kond sought damages for intentional infliction of emotional distress. She alleged that a church leader, Mr. Leonovich, falsely told her in a phone conversation that her husband accused her of being a Pentecostal, knowing of her religious persecution abroad, and that this caused her to blame her husband for her expulsion and suffer extreme emotional distress.
The trial court concluded in its order dismissing appellants' amended complaints that
Counts I [(Slander)] and II [(Declaratory Relief)] of the Boykos' amended complaint and Counts I [(Slander)] and III [(Declaratory Relief)] of the Konds' amended complaint are DISMISSED with prejudice on the basis that an adjudication of such claims would result in excessive government entanglement with church policies, procedures, practices, and bylaws. See Doe v. Evans, 718 So.2d 286, 288 (Fla. 4th DCA 1998)(Excessive entanglement occurs when the courts begin to review and interpret a church's constitution, laws, and regulations. The First Amendment prohibits courts from resolving doctrinal disputes or determining whether a religious organization acted in accordance with its canons and bylaws.); Goodman v. Temple Shir Ami, Inc., 712 So.2d 775, 777 (Fla. 3d DCA 1998)(An alleged defamatory statement occurring as part of a religious dispute is not actionable.). Count II [(Intentional Infliction of Emotional Distress)] of the Konds' amended complaint is also DISMISSED with prejudice not only because it is barred by the First Amendment, see Doe, 718 So.2d at 293-94, but also because the conduct complained of is insufficient to state a cause of action for intentional infliction of emotional distress. See Paul v. Humana Med. Plan, Inc., 682 So.2d 1119, 1121 (Fla. 4th DCA 1996)(The alleged conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. It is well-settled that a trial court can make an initial determination of outrageousness as a matter of law at the motion to dismiss stage.).
Based on the foregoing, the amended complaints are hereby DISMISSED with prejudice. This case is closed.
*1076 Appellants contend that the trial court erred in not exercising subject matter jurisdiction over their claims. They argue that the trial court could have determined whether the church acted in accordance with its by-laws without excessively entangling itself in church policies, doctrines, and beliefs, since their claims for declaratory relief involve only "neutral principles of law." Appellants further contend that their claims for slander do not enjoy a qualified privilege because they were not uttered during a disciplinary proceeding and they do not involve a "religious dispute," other than the dispute over the church's failure to follow its by-laws. Appellants also contend that the trial court erred when it determined that the conduct complained of by Mrs. Kond did not rise to a sufficient level of outrageousness to state a cause of action for intentional infliction of emotional distress. We affirm.
"In reviewing an appeal from the dismissal of a complaint as failing to state a cause of action against any defendant, the allegations of the complaint are assumed to be true and all reasonable inferences indulged in favor of the plaintiff." Drew v. Knowles, 511 So.2d 393, 395 (Fla. 2d DCA 1987). "Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review." W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999).
In Partin v. Tucker, 126 Fla. 817, 172 So. 89 (Fla.1937), the supreme court cited with approval from State ex rel. Johnson v. Tulane Ave. Baptist Church, 144 So. 639 (La.App. 1932). The court noted:
By the great weight of authority the civil courts will not interfere in church government, or discipline, in ecclesiastical or spiritual relation with their members. The church authorities and such tribunals as they may set up for themselves are supreme in all spiritual matters and may arbitrarily expel from membership any individual with or without cause, as long as no civil rights are involved. In other words, the question of who shall be admitted to fellowship in any religious sect or order is one which concerns only the particular sect or order, and they are not required to worship with anyone whose presence is not agreeable. This is true, whether the expulsion of the individual be in disregard of the usage and practice of the church, or not.

Id. at 92-93(emphasis added); see also; Doe, 718 So.2d at 288.
Furthermore, "when rival church factions seek resolution of a [religious dispute or even a] church property dispute in civil courts there is a substantial danger that the State will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrinal beliefs." Serbian Eastern Orthodox Diocese for the United States of America and Canada v. Milivojevich, 426 U.S. 696, 709, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).
Excessive entanglement occurs when the courts begin to review and interpret a church's constitution, laws, and regulations. The First Amendment prohibits courts from resolving doctrinal disputes or determining whether a religious organization acted in accordance with its canons and bylaws.
As to excessive governmental entanglement with religion, the court in L.L.N. noted:
It is well settled that excessive governmental entanglement with religion will occur if a court is required to interpret church law, policies, or practices; therefore, the First Amendment prohibits such an inquiry. However, it is equally well-settled that a court may hear an action if it will involve the consideration of neutral principles of law.
*1077 Doe, 718 So.2d at 288(quoting L.L.N. v. Clauder, 209 Wis.2d 674, 563 N.W.2d 434, 440 (1997), in part) (citations omitted).
Initially, we are satisfied from our review of appellants' amended complaints and attachments thereto that the trial court correctly concluded that the substantive issues raised in the declaratory action would require the court to excessively entangle itself in church policies, doctrines, and beliefs, contrary to the First Amendment. See Doe; Partin.
Furthermore, if appellants' claims for declaratory relief involve only "neutral principles of law," appellants correctly argue that the trial court could have determined whether the church and its Board acted in compliance with the procedural requirements of the church's by-laws. See Houseman v. Summit Christian Sch. of Palm Beach County, Fla., Inc., 762 So.2d 979 (Fla. 4th DCA 2000)(reversing the dismissal of a former director's breach of contract claim against a school affiliated with a church because the claim did not "create an excessive entanglement with religious beliefs"); Doe, 718 So.2d at 288; Rolle v. Judge, 310 So.2d 42 (Fla. 4th DCA 1975); Hemphill v. Zion Hope Primitive Baptist Church of Pensacola, Inc., 447 So.2d 976 (Fla. 1st DCA 1984)(affirming the trial court's order granting the church a temporary injunction, restraining the defendant from acting as their pastor, when the church discharged the defendant in accordance with the church's by-laws and a construction of the provisions pertaining to the discharge of a corporate employee did not require an interpretation of church doctrine); Umberger v. Johns, 363 So.2d 63 (Fla. 1st DCA 1978)(concluding that the trial court erred in dismissing the church members' complaint against the church for failing to comply with the notice requirements of its by-laws, when the church effected a change in its by-laws, since the trial court would only be enforcing principles of parliamentary procedure, rather than involving itself in an ecclesiastical matter).
However, based on our review of appellants' amended complaints and attachments thereto, we conclude that the church and its Board did substantially comply with the requirements of the church's by-laws. The October 1997 bylaws state that "membership shall be terminated" under certain situations, which include: (1) "Letter to another Baptist church;" (2) "By request of member desiring his termination;" or (3) "Exclusion by action of the church (Matt.18:15-22)." "If it becomes necessary for the church to take action to exclude a member, a two-thirds affirmation of the members present is required; and the church may proceed to declare the person to be no longer in the membership of the church." (emphasis added).
Each of the three scenarios stated above occurred in this case and provide a legal basis under the October 1997 by-laws to terminate appellants' memberships from the church. Appellants allege in their complaint that the Union "oversees the operation and control of various Russian-Ukranian Baptist churches in the United States." Moreover, attached to both of appellants' amended complaints was a letter to the church's president and the church suggesting that appellants voluntarily withdraw their membership from the church so as to settle the conflict within the church. Under the October 1997 bylaws, this letter alone would have sufficiently terminated appellants' memberships from the church.
Appellants also alleged in their complaints that the president of the church requested that appellants be "kicked out" of the church during a church meeting and that subsequently, at a church service, in which appellants were not in attendance, the pastor announced that appellants "had been kicked out" of the church. The pastor also threatened to have appellants removed from the church at a subsequent church meeting. Thus, a church member requested appellants' memberships be terminated and their memberships were terminated *1078 and announced at a church service.
Lastly, we affirm the trial court's dismissal of appellants' claims for slander. We agree with the trial court's conclusion that "an adjudication of such claims would result in excessive government entanglement with church policies, procedures, practices, and bylaws," contrary to the First Amendment. See Doe, 718 So.2d at 288; Goodman, 712 So.2d at 777. We also affirm the trial court's dismissal of Mrs. Kond's claims for intentional infliction of emotional distress. "This court has consistently held that it is for the trial court `to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" See Humana Med. Plan, 682 So.2d at 1122(citing Scheller v. American Med. Int'l, Inc., 502 So.2d 1268, 1271 (Fla. 4th DCA 1987)).
AFFIRMED.
DELL, GUNTHER, and SHAHOOD, JJ. concur.