# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1873
Lower Tribunal No. 12-1106

_____

**Wichi Management LLC,**
Appellant,

vs.

**Roger L. Masters, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Mario A. Lamar, P.A. and Mario A. Lamar; Arnaldo Velez, P.A. and Arnaldo Velez, for appellant.

Law Offices of La Ley con John H. Ruiz, P.A. and John H. Ruiz, Christine M. Lugo, and Gustavo J. Losa, for appellee R & L Financial Services, Inc.

Before SUAREZ, C.J., and SHEPHERD and SALTER, JJ.

SUAREZ, C.J.

Appellant WICHI Management, LLC ("WICHI") appeals a Final Judgment which granted Appellee R&L Financial Service, Inc. ("R&L") an equitable lien on

a promissory note and mortgage owned and held by WICHI, as well as the summary judgment underlying the judgment granting the lien. We reverse finding no legal or equitable basis for the lien.

In general, this appeal arises out of a note and mortgage given by Roger and Maria Masters to WICHI's predecessor in interest which were recorded in the public records of Miami-Dade County in 2006. The loan was modified on several occasions and was declared in default in July 2011. At that time a Notice of Lis Pendens was also recorded in the public records of Miami-Dade County. An action to foreclose on the note and mortgage was filed in January 2012 and WICHI was substituted as plaintiff in February 2013. In May 2013 WICHI and the Masters entered into a settlement under which a Deed in Lieu of Foreclosure was issued.

Meanwhile, in 2010 and 2011, through a series of promissory notes, Roger Masters borrowed a total of $278,745.79 from R&L. Roger Masters failed to repay that loan, and, in an entirely different proceeding from the WICHI foreclosure, in December 2012 R&L obtained a final judgment solely against Roger Masters based on his breach of those promissory notes. That judgment was in the amount of $373,610.29.

The R&L promissory notes did not provide R&L any security interest in any real property, and specifically not in the real property at issue in the WICHI

2

foreclosure. To the contrary, at least one of the R&L promissory notes indicated that Roger Masters pledged amounts due under a trust of which he was a beneficiary as collateral for the note. It is unclear from the record in this action whether R&L made any efforts to collect on that collateral or to collect the amounts owed by Roger Masters from any other source. Nevertheless, in March 2013 R&L moved to intervene in the WICHI foreclosure action, arguing that its interests would be affected by the foreclosure because at least a portion of the proceeds Roger Masters received from R&L had been used to bring the WICHI mortgage current prior to the foreclosure. The motion to intervene was granted[1] and R&L thereafter moved for summary judgment claiming that, as a result of the payments on the WICHI mortgage, R&L had an equitable lien on WICHI's note and mortgage. Over WICHI's objection, that motion for summary judgement was granted. A later trial was held for determination of the amount of the equitable lien and a final judgment setting the amount of the lien at $96,337.20 was entered. WICHI appeals both the summary judgment and the final judgment. We agree with WICHI that both were erroneous because R&L both failed to prove and would be unable to prove, factually or legally, an entitlement to any equitable lien.

---

[1] While we believe the granting of that motion was in error and contrary to controlling law, Union Central Life Ins. Co. v. Carlisle, 593 So. 2d 505 (Fla. 1992), that Order is not before us in this appeal.

Florida law is clear that an equitable lien may be imposed on one of two bases: (1) a written contract that indicates an intention to charge a particular property with a debt or obligation; or (2) a declaration by a court out of general considerations of a right or justice as applied to a particular circumstances of a case. Golden v. Woodward, 15 So. 3d 664 (Fla. 1st DCA 2009). The parties agree that there was no evidence of any written document demonstrating any intent to subject any real property at issue to any security interest, so the first basis is unavailable to R&L.

With respect to the second means of obtaining an equitable lien, it has been stated that "an equitable lien is a right granted by a court of equity, arising by reason of the conduct of the parties affected, that would entitle one party as a matter of equity to proceed against certain property. . . . In order to warrant the imposition of an equitable lien under Florida law, the funds, payment of which is to be secured by an equitable lien, must be directly traceable to the real property in question, having unjustly enriched the debtor's interest in that property." Fla. Jur. 2d, Liens § 4, and cases cited therein, emphasis added. In this case then, the trial court was required to consider the conduct of R&L and of WICHI in determining whether an equitable lien could be imposed and was required to consider whether Roger Masters' interest in the real property was enriched.

4

The evidence showed that neither WICHI nor its predecessor had any knowledge of the source of any payment made by the Masters, nor did either have any knowledge of the existence of R&L. Nothing presented demonstrated that WICHI or its predecessor took any action with respect to R&L – i.e., neither made any representations to R&L or communicated with R&L in any way. Thus, no evidence supported any conduct on WICHI's part which would have justified the imposition of an equitable lien against it or its property interests.

In addition, nothing presented showed that Roger Masters' interest in the real property was in any way enriched by his payment of the contractually required amounts due under the note and mortgage. This is not a case such as <u>Palm Beach Sav. & Loan Assn's F.S.A. v. Fishbein</u>, 619 So. 2d 267, 270 (Fla. 1993) where taxes and a first mortgage were paid off by the funds at issue. Instead, this case involves the simple payment of amounts due under a note and mortgage.

Moreover, there is simply no logic to R&L's claim that WICHI was somehow unjustly enriched by receipt of the payments made by Roger Masters out of a portion of the funds he obtained from R&L. The Masters owed a debt to WICHI's predecessor and made payment on that debt. Such payment can in no way be viewed as unjust or enriching WICHI's predecessor. Instead, those payments signify nothing more than compliance with the contractual obligation the Masters owed to WICHI's predecessor. That R&L – unwittingly or not – provided

5

the source of those payments is entirely irrelevant to WICHI's entitlement to those payments or its right to foreclose on its security interest in the real property to obtain more complete satisfaction of the debt owed by the Masters.

More to the point, R&L had numerous methods by which it could have protected its own interest in obtaining repayment of the promissory notes it accepted from Roger Masters and failed to do so. The loss incurred as a result of that failure does not fall upon WICHI. Instead, it must remain solely with R&L, which remains at liberty to seek satisfaction of its debt from the resources of Roger Masters, upon whom it solely relied to make payment on the notes.

Reverse and remanded with instructions to enter judgment in favor of WICHI on any and all claims made by R&L.