# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-420
Lower Tribunal No. 19-5830

————————

**Robin Crawley-Kitzman,**
Appellant,

vs.

**Ignacio Hernandez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Ainsworth + Clancy, PLLC, and Ryan M. Clancy, for appellant.

Valdes Law Firm, P.A., and Natalie F. Guerra-Valdes (Fort Lauderdale), for appellees.

Before SCALES, HENDON, and LOBREE, JJ.

HENDON, J.

Robin Crawley-Kitzman ("Appellant"), appeals from an order granting 33rd Avenue Investments, LLC k/n/a 33rd Management, LLC ("33rd Management"), Jaime Rodriguez ("Rodriguez"), and Mirna Carolina Rivas ("Rivas") (collectively "Appellees") motion to dismiss with prejudice counts I, II, III, VI, IX, and X of the Appellant's second amended complaint and striking the Appellant's demand for a constructive trust.  We affirm.

Ignacio Hernandez ("Hernandez") is the owner of Solid Builders, Inc. ("Solid Builders"). The Appellant was an employee of Solid Builders and Hernandez agreed to pay her $50,000.00 per year for her employment, plus an end-of-year bonus.  When it became clear that Solid Builders would not be paying her bonus, Appellant and Hernandez orally agreed that she should receive a 26% equitable interest in the sale proceeds of a residential investment property (the "Property") owned by 33rd Management in lieu of her bonus.  At the time of the Agreement, Hernandez allegedly made statements and representations holding himself out to be the 100% owner and/or majority stakeholder in 33rd Management.  Hernandez promised the Appellant that, when and if that property sold, the Appellant would receive 26% of the sale price. 33rd Management was managed by Hernandez's sister, Yaira Hernandez ("Yaira").

2

On January 14, 2017, Appellant and Hernandez executed a written agreement labeled as a promissory note (the "Agreement") that memorialized their understanding of the oral agreement between them which provides, in relevant part:

1. Payments under this Agreement shall be as follows:

(a) **26% of [Hernandez's] portion in the property** 11430 SW 51st Street, Miami, FL 33165, which is owned by 33rd Avenue Investments, LLC a Miami Corporation.

(b) **The Minimum Sale Amount is $365,000** as agreed by [Hernandez] and [Appellant]

(c) [Hernandez's] current ownership is 48% which will go down to 22%

(d) The entire balance of this Agreement thereof and all other sums payable hereunder **shall be due and payable, in full, within 24 hours of the closing date of the sale of this property**, (the "Maturity Date").

. . . .
4. Payment of this Agreement is secured by a Mortgage and Security Agreement . . . from [Hernandez] to [Appellant] dated the same date as this Notice. . . . [Hernandez] does hereby mortgage, grant and convey to [Appellant], its successors and assigns, in fee simple, all that certain tract of land of which the Borrower and [Hernandez] is now the legal owner, and in actual possession . . . .[1]

At some point, 33rd Management sold the property for a figure less than what Hernandez promised in the Agreement. Hernandez did not convey

---

[1] The Appellant did not record the Note or Mortgage Agreement.

26% of the proceeds to the Appellant. Further, it turns out that Hernandez did not have any ownership interest in the property at the time he signed the Agreement with the Appellant because he had previously conveyed all of his 48% interest in 33rd Management to his sister, Yaira via an "Assignment of Limited Liability Company Interest" ("Assignment"). On July 18, 2018, 33rd Management entered into a contract to sell the subject property to Rodriguez and Rivas for $240,000, significantly less than the $365,000 market price and the agreed price in the Agreement.

In February 2019, the Appellant filed a complaint against 33rd Management, Rodriguez[2], Rivas[3], Ignacio Hernandez, and Yaira (collectively, "Defendants"),[4] in which the Appellant alleged that she has a 26% vested ownership or profit interest in the Property. The Appellant alleged in her complaint that Yaira knew that any property owned by 33rd Management was really in trust for the benefit of the various investors, and the Defendants had no intention of honoring the Agreement between

[2] Rodriguez is a business associate and friend of Hernandez, to whom the Appellant alleges Hernandez steered construction business.

[3] Rivas is Rodriguez's wife.

[4] Yaira is not listed as a defendant in the caption of the operative complaint, but the body of the complaint states that the action is filed against her.

4

Hernandez and the Appellant, as evidenced by their act of concealing the Assignment from her. The Appellant further alleged that all the Defendants concealed the sale and the Assignment from her to "fraudulently induce Appellant out of her bonus on poorly founded technicalities." The Appellant did not receive any of the sale funds.

Based on these allegations, the Appellant asserted the following counts. In counts I and II of the Amended Complaint, the Appellant sought 1) a declaration that 33rd Management is actually a façade used to defraud the Appellant; 2) a declaratory judgment finding that 33rd Management is jointly and severally liable for the Agreement as well as liable for pre- and post-judgment costs, interest, and attorney's fees; 3) a declaration that Hernandez, Yaira, and 33rd Management are jointly and severally liable for all debts related to Appellant's dealings with Hernandez, Yaira, and 33rd Management, including those under the Agreement. In count III, the Appellant sought an equitable lien on the property against all Defendants, or, in the alternative, a lien against the funds paid to 33rd Management. Count VI asserted relief for unjust enrichment against all Defendants. In count IX, the Appellant claimed Rodriguez and Rivas tortiously interfered with the Agreement, and knowingly formed a seller-financed arrangement in order to sell the property for below market value and to avoid paying any

of the sale price to the Appellant. In count X, Appellant alleged a claim for civil conspiracy against all Defendants, claiming that Hernandez and Yaira, on behalf of themselves and through 33ʳᵈ Management, induced Rodriguez and Rivas to buy the house at the reduced value without notifying the Appellant.[5] In addition to these counts, the Appellant also demanded formation of a constructive trust.

The Appellees filed a motion to dismiss counts I, II, III, VI, IX and X of Appellant's second amended complaint for failure to state causes of action, and moved to strike Appellant's demand for a constructive trust because the Appellant had no ownership rights in the property ("Motion to Dismiss"). After considering the record and pleadings, the trial court entered an order granting the Appellees' motion to dismiss with prejudice counts I, II, III, VI, IX, and X of the Appellant's second amended complaint as they pertained to the Appellees, and struck the Appellant's demand for a constructive trust. The Appellant filed a motion for reconsideration, which the trial court denied. This appeal followed.

---

[5] The following counts remain pending as of this appeal:  count IV—Breach of Contract against Hernandez; count V—Conversion against Hernandez; count VII—Fraud in the Inducement against Hernandez and Yaira; and count VIII—Unpaid Wages against Hernandez.  At the time the order under review was entered, Hernandez and Yaira had not been served.

"In reviewing an appeal from the dismissal of a complaint as failing to state a cause of action against any defendant, the allegations of the complaint are assumed to be true and all reasonable inferences indulged in favor of the plaintiff." Drew v. Knowles, 511 So. 2d 393, 395 (Fla. 2d DCA 1987). "Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review." Kond v. Mudryk, 769 So. 2d 1073, 1076 (Fla. 4th DCA 2000) (quoting W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So. 2d 297, 300 (Fla. 1st DCA 1999)); Papunen v. Bay Nat'l Title Co., 271 So. 3d 1108, 1111 (Fla. 3d DCA 2019).

Declaratory Relief

We first address whether the trial court correctly dismissed the two counts for declaratory relief, and conclude that dismissal was proper. "[T]he purpose of a declaratory judgment is to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." People's Tr. Ins. Co. v. Franco, 305 So. 3d 579, 582 (Fla. 3d DCA 2020) (quoting Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1192 (Fla.1995)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it

7

is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not to whether it is entitled to a declaration in its favor." Romo v. Amedex Ins. Co., 930 So. 2d 643, 648 (Fla. 3d DCA 2006).

To survive a motion to dismiss, a complaint for declaratory relief must show:

> [ (1) ] [T]here is a bona fide, actual, present practical need for the declaration; [ (2) ] that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; [ (3) ] that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; [ (4) ] that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; [ (5) ] that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and [ (6) ] that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.

Franco, 305 So. 3d at 583 (quoting Coal. for Adequacy & Fairness in Sch. Funding v. Chiles, 680 So. 2d 400, 404 (Fla. 1996) (quoting Santa Rosa Cnty., 661 So. 2d at 1192-93 (quoting Martinez, 582 So. 2d at 1170)); Romo, 930 So. 2d at 648 (same); Floyd v. Guardian Life Ins. Co., 415 So. 2d 103, 104 (Fla. 3d DCA 1982) ("A complaint seeking declaratory relief must allege ultimate facts showing a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; the

8

plaintiff's doubt about the existence or non-existence of his rights or privileges; that he is entitled to have the doubt removed."); § 86.011, Fla. Stat. (2020) [6]; see also 19 Fla. Jur. 2d Declaratory Judgments § 2. On de novo review of counts I and II, we determine that the allegations are not suitable for declaratory judgment because the Appellant seeks to have the court adjudge ultimate facts and liability, rather than to provide a declaration of rights to proceed. Counts I and II are more appropriately brought as counts for breach of contract and Appellant's remedies are those that are to be sought at law. Because the Appellant's counts I and II do not seek a declaration of rights as between the parties but rather a final judgment of liability in Appellant's favor, the trial court correctly dismissed these counts.

Equitable Lien

---

[6] Section 86.011 provides in relevant part as follows:

**Jurisdiction of trial court**. -- . . . . The court may render declaratory judgments on the existence, or nonexistence:

(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.

9

An equitable lien is an action in equity when no adequate remedy exists at law. Jones v. Carpenter, 106 So. 127, 128–29 (Fla. 1925). Florida law is clear that an equitable lien may be imposed on one of two bases: (1) a written contract that indicates an intention to charge a particular property with a debt or obligation; or (2) a declaration by a court out of general considerations of a right or justice as applied to a particular circumstances of a case. Wichi Mgmt. LLC v. Masters, 193 So. 3d 961, 963 (Fla. 3d DCA 2016). The Appellant has a written agreement with Hernandez, not with the Appellees. It is Hernandez who purported to have an ownership interest in the Property, and who agreed to pay the Appellant a percentage of the sale price of the property when and if it sold. Appellant's interest is not one vested in real property, nor is it an agreement to encumber the real Property with a debt; it is merely an agreement that obligates the purported owner, Hernandez, to pay the Appellant from sale proceeds once the Property was sold. The Appellant has an adequate remedy at law against Hernandez for breach of contract or fraud; she has no claim against the Appellees. We thus affirm the trial court's dismissal of count III.

Unjust Enrichment / Constructive Trust

In count VI, Appellant claims that the Appellees have been unjustly enriched by the sale of the Property by knowingly having withheld from her

10

an agreed portion of the sale proceeds. The allegations in the complaint are insufficient to sustain a claim for unjust enrichment or constructive trust against the Appellees.

The elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff. Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 693 (Fla. 3d DCA 2018); Agritrade, LP v. Quercia, 253 So. 3d 28, 33 (Fla. 3d DCA 2017). The allegations in the complaint do not support a claim for unjust enrichment, as the Appellant did not confer any benefit on the Appellees related to the sale or ownership of the property. To be sure, the Appellant had no interest in the property itself. Rather, pursuant to the Agreement, Hernandez was obligated to pay the Appellant 26% of proceeds from the sale of the Property, which – as it turns out – he did not own. Once again, Appellant's claim is more aptly brought as one for breach of contract or fraud.

In addition to requesting relief via a claim for unjust enrichment, the Appellant requested court-ordered formation of a constructive trust on the

11

subject property. Constructive trusts have two objectives: "to restore property to the rightful owner and to prevent unjust enrichment." <u>Provence v. Palm Beach Taverns, Inc.</u>, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996) (citing <u>Abreu v. Amaro</u>, 534 So. 2d 771, 772 (Fla. 3d DCA 1988)). Courts impose constructive trusts either upon property acquired by fraud, or when it is "against equity" that someone who acquired property without fraud should continue to retain possession. <u>See</u> <u>Provence</u>, 676 So. 2d at 1025 (citing <u>Quinn v. Phipps</u>, 113 So. 419, 422 (Fla. 1927)).

In order to sustain a claim for a constructive trust the court must find the complaint establishes (1) the existence of a promise express or implied, (2) transfer of the property and reliance thereon, (3) the existence of a confidential relationship, and (4) unjust enrichment. <u>See</u> <u>Silva v. de la Noval</u>, 307 So. 3d 131, 134 (Fla. 3d DCA 2020); <u>Abreu</u>, 534 So. 2d at 772 (citing 5 G. Thompson, On Real Property § 2345, at 134 (1979 Repl.)). The allegations in the complaint do not indicate that the Appellant had any confidential relationship with the Appellees, or that they made any promise to her via agreement or otherwise. Her dispute is with Hernandez, not with the Appellees. Thus, her claim seeking a constructive trust against these defendants fails.

<u>Tortious Interference</u>

12

The Appellant claims that Rivas and Rodriguez were aware of the Agreement between Hernandez and the Appellant, and that their deal to purchase the property from 33rd Management amounts to tortious interference with her Agreement with Hernandez. We disagree.

The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform. Seminole Tribe of Fla. v. Times Pub. Co., 780 So. 2d 310, 315 (Fla. 4th DCA 2001).

The allegations in the complaint do not support a claim of intentional or unjustified interference by Rivas or Rodriguez with the Agreement or the relationship between the Appellant and Hernandez. Hernandez did not own 33rd Management at the time he entered into the Agreement with the Appellant; 33rd Management was the owner of the Property, and sold it to Rivas and Rodriguez unrelated to the Agreement between Appellant and Hernandez. We affirm dismissal of this count.

Civil Conspiracy

"A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997); see Witmer v. Dep't of Bus. & Prof'l Regul., Div. of Pari–Mutuel Wagering, 631 So. 2d 338, 342 (Fla. 4th DCA 1994) (observing that an "[a]greement is a necessary element of the crime of conspiracy, which is defined as an express or implied agreement of two or more persons to engage in a criminal or unlawful act"); Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008).

Appellant alleged that Rodriguez's and Rivas' payment of cash to 33rd Management was done to circumvent the Agreement, and provides the overt act taken in furtherance of the conspiracy, including conversations between Hernandez, Rodriguez and Rivas in order to complete the real estate transaction. The allegations in the complaint do not support a claim for civil conspiracy. Rivas' and Rodriguez's mere knowledge of an Agreement between Hernandez (who is not the owner of the Property) and the Appellant does not evidence an agreement between the Appellees to

14

interfere with the Agreement or to defraud the Appellant of her interest in the sale proceeds. The allegations in the complaint do not support a claim for civil conspiracy, and we conclude that the count for civil conspiracy was properly dismissed.

"Dismissal of a complaint with prejudice should only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action." Fla. Nat'l Org. for Women, Inc. v. State, 832 So. 2d 911, 915 (Fla. 1st DCA 2002) (quoting Undereducated Foster Children of Fla. v. Florida Senate, 700 So. 2d 66, 67 (Fla. 1st DCA 1997). On de novo review of the record, we affirm the trial court's dismissal of counts I, II, III, VI, IX and X, with prejudice, for failure to state causes of action against the Appellees – 33rd Management, Rivas, and Rodriguez – as contained in the second amended complaint. Based on the discussion above, we also affirm the trial court's striking the Appellant's demand for constructive trust.

Affirmed.